# Western Union Tel. Co. *v.* Emerson.

## Negligent Delay in Transmission and Delivery of Message.

### (Decided May 20, 1909. 49 South. 820.)

1. *Telegraphs and Telephones; Transmission or Delivery; Breach.*—A telegraph company may breach its duty by negligence in the transmission of a message as distinguished from negligence in delivery.

2. *Same; Proximate Cause.*—Where it appears that the addressee of a message, if it had been promptly transmitted, would not have received the message in time to have avoided the injuries claimed to have resulted from the delay, a recovery cannot be had for the negligent delay in transmission.

3. *Same; Delivery Limit; Duty.*—It cannot be said to be unreasonable for a telegraph company to fail to establish and maintain a free delivery of messages at a place having from fifty to a hundred people in it.

4. *Same; Damages; Agency; Jury Question.*—Whether or not the person sending the message announcing the death of the father of the addressee did so as the agent of the plaintiff of addressee, is, under the facts in this case, a question for the jury.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by J. F. Emerson against the Western Union Telegraph Company for failure to promptly transmit and deliver a message. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The only counts necessary to be set out are counts 1 and 4. Count 1 is as follows: "Plaintiff claims of the defendant the sum of $1,950 as damages, for that heretofore, to wit, on the 22d day of June, 1906, the defendant, a corporation, was operating a public telegraph system engaged in the business of transmitting messages for hire by means of electricity from Round Mountain, in the state of Alabama, to or near the town of Tecumseh, in the said state of Alabama, and while so engaged a cer-

tain person, to wit, Will Stout, did, for the benefit and as the agent of plaintiff, deliver a certain written message or telegram to said Western Union Telegraph Company in the town of Round Mountain, Ala., at, to wit, 4 o'clock p. m. on June 22, 1906, to be transmitted by telegraph to J. F. Emerson, plaintiff, to or near Tecumseh, Ala.; that said message was delivered as aforesaid to said company to be transmitted collect, and that the costs or hire of transmission thereof was, to wit, 25 cents, and was to be paid by the sendee of said message to said company for its transmission; that defendant received and undertook to transmit the said message, and that plaintiff paid the defendant the sum of 25 cents, the said charge for transmitting said message; and plaintiff claims of the defendant, as part of the damages herein claimed, said 25 cents paid by plaintiff to defendant for the costs of the transmission of said message as aforesaid. Plaintiff avers that said message was in substance as follows: (See opinion for message.) Plaintiff avers that it was the duty of defendant to transmit the said message from Round Mountain, Ala., to Tecumseh, Ala., within a reasonable time after it was received at Round Mountain, Ala., for transmission as aforesaid. Plaintiff avers that defendant negligently delayed said message in the transmission thereof to plaintiff at Tecumseh, Ala.; and that defendant negligently failed to transmit said message to plaintiff at Tecumseh, Ala., until, to wit, June 23, 1906, at 7:08 a. m. And plaintiff avers that, on account of defendant's negligence in not transmitting the said message and telegram within a reasonable time, the plaintiff was deprived of the privilege of being present for a considerable period of time, to wit, for 15 hours, with his mother, his brother, and his sisters, beside the remains of his deceased father, whose death said message was transmit-

ted to announce to plaintiff, and from receiving the con-
dolence and consolation of his (plaintiff's) mother,
brother, and sisters in his (plaintiff's) grief, whereby
plaintiff suffered great mental pain and anguish."
"(4) For count 4 of this complaint, plaintiff adopts all
that part of count 1 from its beginning to the sentence in
count 1 beginning as follows: 'And plaintiff avers that
on account of the defendant's negligence,' etc., and adds
to such part of count so adopted to form count 4 the fol-
lowing: 'And plaintiff avers that, on account of the de-
fendant's negligence in not transmitting the said mes-
sage or telegram within a reasonable time, the plaintiff
was deprived of the privilege of seeing the remains of
his deceased father, whose death said message was trans-
mitted to announce, and of being present at the burial of
his (plaintiff's) father, whereby the plaintiff suffered
great mental pain and anguish.' " etc.

CAMPBELL & JOHNSTON, for appellant.—In the absence
of special contract a telegraph company is under no
duty whatever to deliver beyond its established free de-
livery limit.—*W. U. Tel. Co. v. Henderson,* 89 Ala. 510;
*Same v. Swearingin,* 67 S. W. 767; *Same v. Cross,* 74 S.
W. 1098; *Same v. Matthews,* 55 S. W. 427; *Roche v. W.
U. T. Co.,* 70 S. W. 39. Free delivery of telegraphic mes-
sages is not an inherent right.—Authorities supra, and
*W. U. T. Co. v. Strother,* 55 Ill. 659. A custom is nev-
er permitted to set aside an express contract between the
parties, and when it is to be read into a contract it must
be so uniform and general and known as to justify the
presumption that the parties knew it and contracted with
reference to it.—*Buyck v. Schwing,* 100 Ala. 359; *Flor-
ence W. Wks. v. Mfg. Co.,* 40 South. 49; *W. U. T. Co. v.
Bowman,* 141 Ala. 175. The averment of the agency of
the sendor is material and must be proven.—*W. U. T.*

*Co. v. Heathcoat,* 43 South. 117; *W. U. T. Co. v. Adair,*
115 Ala. 441; *Mancker v. W. U. T. Co.,* 137 Ala. 292.
The demurrers to the 3rd plea to the counts relying sole-
ly upon negligent delay in delivery were improperly
sustained.—*W. U. T. Co. v. Henderson, supra.*

J. A. BILBRO, and H. H. WHITE, for appellee.—The
damages sought to be recovered were proper.—*W. U. T.
Co. v. Adair,* 115 Ala. 441; *same v. Cunningham,* 99 Ala.
314.   If the complaint be held to be in assumpsit, the
pleadings and proof show nominal damages and hence
damages for mental suffering may be added.—*Blount v.
W. U. T. Co.,* 126 Ala. 106; *W. U. T. Co. v. Krichbaum,*
132 Ala. 535.   Charges 1 and 2 were proper.—Authori-
ties supra, and *W. U. T. Co. v. Henderson,* 89 Ala. 510.
Charge 24 refused to defendant was properly refused.—
*Henderson's case, supra.*

McCLALLAN, J.—The action is in tort for alleged
negligent delay in the transmission, or transmission and
delivery, or delivery, of a message to plaintiff announce-
ing the death of his father.—*W. U. Tel. Co. v. Krich-
baum,* 132 Ala. 535, 31 South. 607; *W. U. Tel. Co. v. Wa-
ters,* 139 Ala. 652, 36 South. 773.   The message was as
follows: "Round Mountain, Ala., June 22nd, 1906.   To
Dr. J. E. Emerson, Tecumseh, Ala.   Father died this
morning at eleven forty.   (Signed) H. B. Emerson."
More than 30 counts were filed, but by rulings of the
court, charges to the jury, or withdrawals by plaintiff
the number of counts was reduced to 6, comprising those
numbered from 1 to 6, inclusive.   In the general state-
ment in count 1, and which statement was incorporated,
by adoption, in counts 2, 3, 4, 5, and 6, it was averred
that the business of the defendant included transmission
of messages for hire from Round Mountain to or near

Tecumseh. By amendment the word "to" was substituted for the words "to or near."

Counts 1 and 4 ascribe the injury complained of to negligence in the transmission of the message. Count 2 rests on the averred negligent failure to deliver the message, and sets forth a special undertaking to deliver it at the home of plaintiff near (outside of) Tecumseh. Count 3 charges the negligence to have consisted in the failure to transmit and deliver the message as in duty bound, embracing in this count the averment of count 2 in respect of the special undertaking to deliver. Count 5 is similar to count 2, except in respect of the phrasing of the claim of damages suffered. Count 6 is similar to count 3, except the claims for damages is varied.

At the instance of the defendant the court gave these special charges: "(24b) I charge you that under the evidence in this case there was no duty upon defendant to keep an agent or operator at Tecumseh between 7 p. m. and 7 a. m., so far as this plaintiff was concerned." "(27) I charge you that there is no evidence whatever that defendant agreed to transmit and deliver to plaintiff the said message at any other place than its office." "(33) I charge you that a contract to deliver the message does not arise out of any acts, statements, or payments made at the time of delivery." Whether these charges were properly given it is not necessary, nor is it our purpose, to decide. The direct effect of the giving of these charges was to eliminate from the consideration of the jury—denying them the right to predicate their verdict upon—counts 2, 3, 5, and 6. They were, in plain effect, the general charge as to these four counts. It is evident that the pleader separated, in averment of wrong, the two acts of transmission and delivery, or else, as by count 3, joined them by a conjunction, so constituting his pleading in the latter alternative

as to necessitate proof of both negligence in transmission and in delivery. Whether such would be the case ordinarily, where the pleading used one or both of the terms "transmission" and "delivery," is not considered.

The giving of these charges, therefore, reduced the issues finally submitted to the jury to those made by counts 1 and 4, both of which ascribe the negligence to failure to transmit as in duty bound. It necessarily results that no injury resulted to defendant in any ruling on charges refused in respect of the issues presented originally by counts 2, 3, 5, and 6.

Counts 1 and 4 are unobjectionable. That a telegraph company may breach its duty by negligent delay in sending, transmitting, as distinguished from delivery of, a message needs no argument to sustain it.

Plea 3 was interposed, separately and severally, to all the counts. Aside from other averments not now important to state, it set up a condition or stipulation, printed on the telegram blank, with reference to the delivery of messages within established free delivery limits. The demurrer to this plea, and which the court sustained, took the point that it was no answer to the alleged negligence of the defendant in transmitting the message. The objection stated was, obviously, well taken. The duty averred, and its breach alleged, was anterior to even the opportunity to deliver the message. The negligence stated related to an act or service required to be performed, as duty demanded, before delivery of any kind could be effected, and, it may be, before the duty to deliver in actual fact arose. It results, as indicated before, that, with the issues narrowed as the quoted given charges affected to do, the numerous assignments of error, based on the action of the court in reference to delivery of the message, were, if erroneous, harmless to the defendant, unless the conditions to be stated operated to

refute the allegation ascribing the proximate cause of the injury complained of to the negligent failure to transmit the message as duty required. This question is raised by affirmative charges, requested by defendant, as to the first and fourth counts.

We think it may be justly and safely said that no recovery could be had on a count for negligent transmission of a message, if it could be reasonably said that the addressee would probably not have received the message in time to have avoided the injury claimed to have resulted from the delay in transmission, had it been promptly, within duty, transmitted; the reason being that in such case the alleged damnifying consequences could not trace their proximate cause to the negligence in transmission.—2 Joyce, § 945. Nor do we think the fact, if so, that the addressee resided or was beyond the free delivery limits of the terminal office conclusive in the determination of the question just above stated, because, if the contractual duty to exercise due diligence to effect a delivery within such limits was held to control the conclusion, the result would be to deprive the addressee, or some one representing him, of the privilege and opportunity, of which he might avail himself, to call for the message or to inquire as to its arrival. In short, to so rule would be, in effect, to forestall liability of the telegraph company in consequence of a neglect of duty in transmission, by the fact that the company was under no duty to deliver the message beyond its established free delivery limits and the addressee was without them, whereas the condition to a prompt delivery might be afforded by the addressee or his representative by application for or inquiry about the message so delayed by negligence in transmission. In such cases, the issue, with reference to proximate cause vel non, must necessarily involve anticipation—anticipation whether the addres-

see, in all reasonable probability, would have received the message in time to have averted the injuries complained of; and, if the liability, only predicable upon proximate cause, for such injuries, afforded by the negligence in transmission, is controlled by the possibility or probability of performance of the company's duty to deliver, we would deny the addressee the opportunity and privilege which, if availed of, would connect directly the negligence charged with the injuries complained of. We do not think that, in such cases, the defendant should be permitted to conclude against its liability for negligence in transmission   alone upon the assertion, even conceding it to be a fact, that the addressee was beyond the established free delivery limits. This court in *Henderson's Case,* 89 Ala. 510, 520, 7 South. 419, 18 Am. St. Rep. 148, and *W. U. Tel. Co. v. Rowell,* 153 Ala. 295, 45 South. 73, where the negligence charged was in nondelivery of the message, has clearly indicated its position against the availability of a speculation to the exoneration of the telegraph company from the consequences of its negligence. The principle underlying these rulings is applicable to the status discussed.

Applying our conclusion of law to the facts of this case, there can be, it seems to us, no doubt that, though the message had been immediately transmitted from Round Mountain to Tecumseh, the plaintiff would not have received it. He testified that he did not go to the office after the morning of June 22d, nor did he send or inquire, though he was anticipating a message, but expected it to be sent to him. The agent at Tecumseh testified that he saw plaintiff, on the evening of the 22d of June, passing the station. The message, there was testimony tending to show, was accepted for transmission between 4 and 6 o'clock of June 22d. It was received at Tecumseh at 7:08 the morning of June 23d, and was

later delivered to plaintiff by a messenger; the principal for whom he acted being matter of, at this time, unimportant dispute. The uncontroverted evidence is that there were no established free delivery limits at Tecumseh, except that messages were handed to those applying therefor at the office. Tecumseh, the proof shows without conflict, was a village containing two stores and the railroad station and the homes of from 50 to 100 people. The evidence, as stated, shows no establishment of free delivery limits, as these terms must be interpreted. Indeed, the rule of delivery was at the office of the company—a point without radii. In view of the population of the place, we cannot see our way clear to hold the failure to establish free delivery limits at Tecumseh an unreasonable nonaction. The result is that plaintiff did not call or inquire for the message, and the duty, as averred in counts 1 and 4, was not on the defendant to seek to make a delivery outside its office. We therefore hold that the proximate cause of the plaintiff's mental distress did not exist in the negligent failure to promptly transmit the message, if that issue might, on the evidence, be so found. The duty of the public telegraph company in this regard was as stated in 2 Joyce, El. § 733: "It is also true that such care and skill is required as can be obtainable by the use and employment of proper and suitable appliances, instruments, and apparatus, and competent and skilled servants, agents, and operators, and such companies are obligated to use all reasonable and proper means and agencies within their control to secure effective service, promptness, and accuracy." See, also, *Henderson's Case*, 89 Ala. 520, 7 South. 419, 18 Am. St. Rep. 148, in connection with the statement from Joyce.

The only other question necessary to be decided, and it should, in proper order, have been treated earlier in

the opinion, is whether the averment that Stout, in sending the message, acted for the benefit and as the agent of the plaintiff. There was testimony tending to show that Stout did render the service for plaintiff, and that at plaintiff's original request some months before, and had, at intervals, repeated the service. The question was, on the record before us, one for the jury's determination under all the circumstances pertinent. The court properly so ruled.

A reversal must be entered for the errors occurring in refusing the affirmative charges as to counts 1 and 4. The practical result of our ruling is to eliminate the negligence charged in these counts as basis for a recovery, if the evidence is the same on the succeeding trial. We think it proper, however, to specially guard against an impression, from what has been said, that the charges quoted, as to the delivery feature of the case, were due the defendant on the case made by the proof. We do not decide the question. It may or may not be that the special contract averred in count 2 finds a tendency in the evidence to support it, in that the agent at Round Mountain accepted the message from Stout on his assurance that plaintiff was a "responsible person," in connection with a tendency of the evidence to show that "some" messages to this plaintiff had been previously delivered to him at his home, and he had paid the extra charges for delivery, and that the agent at Tecumseh indorsed on the envelope of this message charges embracing an item for delivery there. We intimate no opinion in the premises.

The judgment is reversed, and the cause is remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.