# Park *v.* Western Union Telegraph Co.

*Failure to Deliver Telegram.*

(Decided April 14, 1910.  Rehearing denied June 30, 1910.
52 South. 884.)

*Telegraphs and Telephones; Pleading.*—Where one count of the complaint counted for recovery on the fact that the defendant negligently failed to promptly transmit and deliver a message, a plea alleging that the contract contained a provision that for delivery beyond the free delivery limit, a special charge should be made, that the sendee resided beyond such limit and that no special charge was paid or tendered was demurrable for a failure to allege that the message was transmitted promptly.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Mattie E. Park against the Western Union Telegraph Company for failure to transmit and deliver

promptly a telegraphic message. Judgment for plaintiff and defendant appeals. Reversed and remanded.

DENSON & DENSON, for appellant. The court erred in overruling demurrer to plea 2.—*W. U. T. Co. v. Way,* 83 Ala. 556; *W. U. T. Co. v. Merrill,* 144 Ala. 622.

CAMPBELL & JOHNSTON, for appellee. Under the pleadings in this case the court was not in error in overruling demurrer to the plea.—*W. U. T. Co. v. Emerson,* 49 So. 821; *W. U. T. Co. v. Benson,* 48 So. 712; *W. U. T. Co. v. Henderson,* 89 Ala. 510; *W. U. T. Co. v. Whitson,* 145 Ala. 426. The plea was in answer to the 2nd count, and certainly not subject to attack on any ground of demurrer assigned, and as the demurrer attacks the plea for all purposes it was properly overruled.—*Ala. Nat. Bank v. Halsey,* 109 Ala. 196; *Tabler v. Sheffield Co.,* 79 Ala. 377. The defendant interposed the general issue, and the issues were found for the defendant by the jury, and it is not made to appear on the pleading that there was error injurious to appellant.—*Christian v. Denmark,* 47 South. 82; *Terrell C. Co. v. Lacey,* 31 So. 109; *Yates v. Huntsville Co.,* 39 South. 647.

SAYRE, J.—There were two counts. The first charged that the defendant failed to transmit and deliver plaintiff's message within a reasonable time; the second, that defendant negligently failed to promptly deliver. The second plea interposed the defense that the contract for transmission contained a stipulation that the message would be delivered within the established free delivery limits of the defendant's terminal office, but that for delivery at a greater distance a special charge would be made, that the sendee resided beyond the established limits, and that no special charge was paid

or tendered for delivery beyond. A demurrer to this plea was overruled. The demurrer was that the plea failed to aver that the company transmitted the message promptly as the contract and the law required, it to do.

It is conceded by appellee that the plea would have been improved by the incorporation of an averment that the sendee was not to be found within the free delivery limits by the exercise of reasonable diligence. But it is said the demurrer does not take that point. The contention is, of course, that since the complaint in the second count was of a negligent failure to promptly deliver—meaning thereby, as the argument runs, negligence in respect to the delivery of the message after it had reached the terminal office—there was no necessity of an averment in the plea that the message was promptly transmitted; the idea being that the defendant need not negative a default not charged. But the argument is based upon the assignment of too narrow a meaning to the word "deliver" in the complaint. Parties may, by pleading or otherwise, confine the issue as to breach of duty in failing to deliver to so much of the duty as remains to be performed after the message has reached the terminal office. It was said in *W. U. Tel. Co. v. Emerson*, 161 Ala. 221, 49 South. 820, referred to by appellee, that the parties had so narrowed the issues in that case. But that is not the case here. The contract was to deliver, and that included the duty to transmit. And necessarily a failure to transmit involved a failure to deliver.

Defendant tendered an issue which drew into question no more than its failure to use due care after transmission—a plea which might have been proved by evidence that it had not transmitted, nor attempted to transmit, the message over its wires, thus excluding

the possibility of negligence after transmission.  The demurrer asserted the futility of this contention.  As we understand them, the authorities decide the precise point against appellant.  It has been held that a failure to start the message is a breach of the entire contract.—*W. U. Tel. Co. v. Way*, 83 Ala. 556, 4 South. 844. On that foundation was planted the decision in *W. U. Tel. Co. v. Merrill*, 144 Ala. 618, 39 South. 121, 113 Am. St. Rep. 66, where a plea substantially the same as the plea here was condemned; the court saying: "If the defendant wished to avail itself of the fact that the plaintiff's residence and place of business were beyond the free delivery limits, it should have shown by the pleas that it transmitted the message to its operator at Edwardsville promptly.  Non constat the plaintiff was within the free delivery limits and his whereabouts known to its operator at that point."

The plea was defective, as pointed out by the demurrer, and the judgment will be reversed.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.