# Western Union Telegraph Co.
# *v.* Albertville Canning Co.

*Failure to Deliver Telegram.*

(Decided June 9, 1910.    52 South. 885.)

*Pleading; Issue Proof.*—Where issue is taken upon a special plea filed by defendant and the plea is proven without contradiction, the defendant becomes entitled to the affirmative charge, although the plea is defective.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by the Albertville Canning Company against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed.

The special plea alluded to is as follows: "That as a part and parcel of said contract for the sending and delivery of said message it was provided that said message would not be delivered free at a greater distance from Pell City than the established free delivery limits of the defendant's office at Pell City, Ala., and that for delivery outside of said established free delivery limit a special charge would be made; and defendant avers that the said Maddox resided outside of the established free delivery limit at Pell City, Ala., and that plaintiff did not pay or offer to pay a special charge for the delivery of said message outside the city limits."

CAMPBELL & JOHNSTON, and STREET & ISBELL, for appellant. The defendant proved its special plea and was entitled to the affirmative charge.—W. U. T. Co. v. Henderson, 89 Ala. There was no obligation on the telegraph company to telephone the message out.—27 A. & E. Enc. of Law, 1027. Counsel discuss other assignments of error not necessary to be here set out.

E. O. McCORD, for appellee. Counsel discuss assignments of error, but without citation of authority.

SAYRE, J.—The special plea was defective in substance (Western U. Tel. Co. v. Merrill, 144 Ala. 616, 39 South. 121, 113 Am. St. Rep. 66; Park v. Western U. Tel. Co., 167 Ala. 339, 52 South. 884) ; but its legal sufficiency was not questioned. Issue was taken upon it. It was proved without contradiction, and the defend-

ant should have had the general affirmative charge as requested.

Reversed and remanded.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.