# Western Union Telegraph Co. *v.* Worley.

### *Divulging Contents of Telegrams.*

(Decided November 10, 1914. Rehearing denied April 6, 1915. 68 South. 558.)

1. *Telegraphs and Telephones; Divulging Contents of Message.*— Under section 4297, Code 1907, an action for wantonly divulging the contents of a telegram cannot be defeated because the plaintiff did not present his claim in writing within thirty days after the message was filed, as stipulated in the contract under which the message was sent.

2. *Same; Evidence.*—Where it merely appeared that the message was left at the hotel where the addressee was stopping, and that it was opened by detectives, this was insufficient to show that the telegraph company wantonly divulged the contents of the message.

(Brown, J., dissents.)

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by R. L. Worley against The Western Union Tel Co. for divulging the contents of a message willfully or wantonly. Judgment for plaintiff and defendant appeals. Reversed and remanded.

EYSTER & EYSTER, for appellant. The complaint was not proven and the court should have directed a verdict for the defendant.—*W. U. Tel. Co. v. Trissal*, 98 Ind

566; 3 South. 566.  The claim was not filed as required by the contract under which it was sent.—*W. U. Tel. Co. v. Prevat*, 149 Ala. 622; 113 Mass. 299; 65 N. Y. 163.

WERT & LYNNE, for appellee.  The plaintiff had a cause of action and there was no error in the ruling of the court.—*W. U. Tel. Co. v. Cunningham*, 99 Ala. 314; *W. U. Tel. Co. v. Seed*, 115 Ala. 670; Jones on Telegraph and Telephone, § 305; 27 Cyc. 1661.  Under § 4297, Code 1907, it was no defense to the action that plaintiff failed to file his claim within thirty days as required by the contract, such contracts being now void.

PER CURIAM.—This was an action by the appellee to recover damages for the alleged violation by the appellant of its duty by wantonly and willfully divulging to a stranger the contents of a message accepted from the appellee at Decatur, Ala., for transmission to the latter's son at Detroit, Mich., and causing it to be placed in the hands of a detective in Detroit.  The complaint contained a single count, which was twice amended.

The defendant pleaded the general issue, with leave to give in defense any matter that could be well pleaded. In the trial it contended that the plaintiff was not entitled to maintain the action, as it was brought more than 11 months after the telegram was filed for transmission, and the evidence showed that the plaintiff did not at any time prior to the filing of the suit present to the defendant any claim for damages, though the contract under which the message was accepted for transmission contained the provision that: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within thirty days after the message is filed with the company for transmission."

That provision was rendered invalid, as applied to · this case, by the operation of section 4297 of the Code, which changed the rule previously existing in this state; consequently, the defense grounded upon a failure of the plaintiff to comply with that provision of the contract is without merit.—*Western Union Tel. Co. v. Brazier,* 10 Ala. App. 308, 65 South. 95, and cases there cited.

But, as there was an absence of any evidence having a tendency to prove the material allegations of the complaint to the effect that the defendant wantonly and willfully divulged the contents of the message to a stranger, and caused the same to be placed in the hands of a detective in Detroit, the defendant was entitled to the affirmative charge under his plea of the general issue. There was evidence of the due transmission of the message; that during the morning after it was sent it was carried by the defendant's messenger to the address stated in it, which was a hotel or boarding house, and, the addressee not being there at the time, was left with the clerk in charge of the hotel or boarding house office for delivery to the addressee; that subsequently, during the afternoon of that day, and before the addressee's return, detectives or officers went to that place to arrest him, obtained the telegram and opened it, waited there for him until his return in the evening, and then arrested him and gave him the telegram. There was no evidence tending to prove that any one connected with the defendant consented to or acquiesced in the divulging of the contents of the telegram to any one other than the person to whom it was addressed, or was at all responsible for its getting into the hands of a detective, or that the officers first procured their information of the location of plaintiff's son from said telegram. The testimony of the chief of police of Detroit was to the effect

that the first information received as to the address in Detroit of the plaintiff's son and that his arrest on a criminal charge was desired was imparted by messages from police authorities in Georgia which were received before the officers went to the place at which he was boarding and before they were informed of the plaintiff's message. In the course of his examination the witness mentioned made this statement: "I received a message brought by a messenger of the Western Union Telegraph Company that John W. Worley was wanted on a charge of murder, and received no other information except through telegrams addressed to me sent to me by Georgia officials."

It is suggested in the argument of the counsel for the appellee that it might be inferred that the message which the witness stated was brought to him by a messenger of the appellant was the appellee's message to his son. Such an inference cannot be drawn from the testimony of the witness, as the quoted statement immediately followed another explicit one to the effect that his first information that Worley was wanted on a charge of murder came through the sheriff or other officials of the state of Georgia. Another conclusive reason against drawing such an inference from the statement quoted is that the plaintiff's telegram gave no intimation of the fact that his son was wanted on a charge of murder. The words of that message were: "Savannah has H. B. Leave at once and write later." These words could not have conveyed the information which the witness stated was imparted by the message he refered to. It appears without dispute that the Georgia officials did not obtain their information as to the address of plaintiff's son from the defendant or its agent, and that the Detroit officials obtained their information from the Georgia officials. The plaintiff was not

entitled to recover until the material averments of his complaint were supported by evidence. A finding that those averments were true had nothing more substantial to rest on than mere surmise or conjecture, being unsupported by evidence having any tendency to prove them. The trial court erred, therefore, in refusing the general charge requested by defendant.

Reversed and remanded.

### ON REHEARING.

PELHAM, P. J., and THOMAS, J., constituting a majority of the court, adhere to the foregoing opinion as correct, while BROWN, J., entertains the opinion that the question as to whether the contents of the telegram were wantonly disclosed was for the jury on the evidence offered upon the trial.

The application for hearing is therefore overruled.