[Western Union Telegraph Co. v. Miller.]

# Western Union Telegraph Co. v. Miller.

### Failure to Deliver Telegram.

(Decided June 1, 1916.   72 South. 168.)

1. **Telegraphs and Telephones; Limiting Liability; Persons Bound.**—Although ignorant thereof, the sender of a telegram is bound by the reasonable conditions printed on the blank, unless such ignorance is due to his honest mistake, or the company's fault.

2. **Same.**—Where the sender is the agent of the sendee of a telegram, the sendee is bound by the reasonable stipulations, although his agent had no actual knowledge of the stipulations.

3. **Same.**—The provision on a telegraph blank that the company would not deliver beyond a certain radius from its office, except as the agent of the sender, is subject to parol waiver.

4. **Same.**—If the company knowing that the address on the message was beyond its delivery radius, undertook to deliver the message upon the payment of the usual charges, it waived the provision that it would not deliver beyond a certain radius from its office.

5. **Same; Damages; Replication.**—The replication examined and held to sufficiently state the facts constituting a waiver of the company of certain provisions exempting it from liability.

6. **Same; Negligence.**—A printed provision on a telegraph blank exempting the company from liability, while delivering a message beyond its regular delivery radius, will not exempt it from liability for negligence.

7. **Same; Plea.**—The plea setting up that the sender was negligent in not furnishing the sendee's correct address, is not sufficiently met by a replication alleging that the sendee could have been located through the address given, but stating no facts showing a duty to inquire, or how the given address would help.

8. **Pleading; Construction; Inference.**—Where pleas were interposed by defendant after its demurrers to the amended complaint were overruled, they went to the amended complaint, although they did not specifically so state.

9. **Telegraphs and Telephones; Evidence; Burden of Proof.**—Where the complaint sought damages for the failure of plaintiff to attend a funeral caused by delay in the transmission of a telegram, the plaintiff has the burden of proving that he would and could have attended had the message been promptly delivered.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by O. T. Miller against the Western Union Telegraph Company, for failure to deliver a death message.  Judgment for

[Western Union Telegraph Co. v. Miller.]

plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

The message was addressed to O. T. Miller at No. 1009 East Birmingham, Ala., and announced the death of the father of said Miller, and was signed by J. F. Miller. The defendant set up by way of plea that the address given thereon was 1009 East Birmingham, Ala.; that the message was a night message, was written upon blanks of defendant company, and was sent subject to the following provisions: Messages will be delivered free within one-half mile of the company's office in towns of 5,000 population or less, and within one mile of such office in other cities or towns. Beyond these limits, the company does not make deliverance, but will, without liability at the sender's request as his agent, and at his expense, endeavor to contract for him for such delivery at a reasonable price. The defendant avers that said message was transmitted promptly to said address in Birmingham, the terminal office indicated thereon, but that the address given on said message was beyond the free delivery limit of defendant's Birmingham office, and that plaintiff was not to be found within the said free delivery limit by the exercise of reasonable diligence, nor was any provision or request made by the sender or by plaintiff for the delivery beyond said free delivery limit. The third plea sets up the same state of facts, and sets out the additional terms on the back of the form as to night messages, that they will receive messages to be sent during the night for delivery not earlier than the morning of the next ensuing business day at reduced rates, and also the provisions as set out in the above plea with the allegation that addressee lived beyond the free delivery limit, and that defendant on the next business day made delivery of the message at the home address given on the message at about 8 o'clock a. m. The fourth plea sets up a negligent and erroneous address, and that plaintiff could not be found at the address given. Replications were filed as follows:

Replication 3 to defendant's second and third pleas: Plaintiff avers that the sender of said message, plaintiff's said brother J. F. Miller, had no knowledge whatever of said alleged provision, and without any such knowledge delivered said message to defendant, together with the address of plaintiff, to-wit, East Birmingham, Ala., and paid defendant in good faith the price charged by defendant; that defendant with full knowledge that

the address given in said message was without the free delivery limit of its Birmingham office, nevertheless received such message for the immediate transmission and prompt delivery for the sum paid defendant by J. F. Miller.

Replication 4 to defendant's second and third pleas: Plaintiff's brother J. F. Miller, without any knowledge whatever of said alleged provision, delivered said message to defendant, together with plaintiff's address, to-wit, East Birmingham, Ala., and requested defendant to speedily transmit and deliver same to plaintiff at the same time in good faith paying the defendant the amount charged by it for a speedy transmission and delivery of the message, which said charge was made by defendant, with full knowledge on its part of the fact that the address given in said message was without the free delivery limit of defendant's Birmingham office.

Replication 5 to second and third pleas sets up the same state of facts as the former replications and adds that defendant's said agent knew that train No. 40, which said message requested plaintiff to take, was scheduled to leave Birmingham at 6 o'clock next morning, and knew that the address given in said message was without the free delivery limit of defendant's Birmingham office.

Replication 6 to second and third pleas sets up the same facts as replications 3 and 4, and adds that defendant, after discovery of the fact that plaintiff's address was without the free delivery limits of defendant's Birmingham office, notwithstanding said alleged provision, undertook for a reward which it expected to and did receive from the sender or his agent upon delivery of said message to deliver said message to plaintiff at said address, but negligently conducted itself in this regard, wherefore plaintiff says defendant has waived the alleged provisions.

Replication 8 to plea 4: Plaintiff avers that by the exercise of reasonable diligence with the aid of the address given, to-wit, 1009 East Birmingham, defendant could promptly have made delivery of said message.

The following charges were given for plaintiff:

(1) The court charges the jury that if plaintiff has established to the reasonable satisfaction of the jury the material averments of his complaint, and the defendant has failed to prove to the reasonable satisfaction of the jury, by a preponder-

[Western Union Telegraph Co. v. Miller.]

ance of the evidence, the material averment of at least one of the special pleas, then your verdict must be for defendant.

(2) The burden of proof is on defendant to establish to the reasonable satisfaction of the jury by a preponderance of the evidence all of the material averments of a special plea.

(3) In order for defendant to defeat recovery by reason of the alleged provision as to the delivery of messages beyond certain limits, it is not sufficient for defendant to show that such provision was on the back of a telegram blank on which the message was sent, but defendant must also prove to the reasonable satisfaction of the jury by a preponderance of the testimony in the case that said provision entered into and constituted a part of the contract of transmission and delivery of said message between the sender and the company.

(4) If plaintiff has proved to the reasonable satisfaction of the jury his complaint and also either one of his special replications to defendant's pleas, then plaintiff is entitled to a verdict.

The following charge was refused to defendant:

(6) The burden of proof rests on plaintiff to prove to your reasonable satisfaction the time and connection by which plaintiff might have reached Austell, Ga., and arrived at or near the scene of his father's funeral, before you would be authorized to assess any damages whatever in favor of plaintiff on the theory that he had been prevented from attending.

GEORGE H. FEARONS, FORNEY JOHNSTON, and W. R. C. COCKE, for appellant. BURGIN, JENKINS & BROWN, for appellee.

ANDERSON, C. J.— (1, 2) The sender of a message who writes or causes it to be written upon one of the blanks of the telegraph company, containing reasonable terms and provisions, is estopped to deny their binding force, or to plead ignorance of their contents before delivering the message for transmission, unless such ignorance is induced by honest mistake on the part of the sender, or fraud or misrepresentation on the part of the company.—*W. U. T. Co. v. Prevatt*, 149 Ala. 617, 43 South. 106; *McGehee v. W. U. T. Co.*, 169 Ala. 109, 53 South. 205, Ann. Cas. 1912B, 512; *W. U. T. Co. v. Worley*, 12 Ala. App. 494, 68 South. 558; *W. U. T. Co. v. Harwell*, 91 Ala. 340, 8 South. 649. The pleadings show that the sender was the agent of the sendee, and this being the case, the stipulation was binding on the principal.

[Western Union Telegraph Co. v. Miller.]

—*McGehee's Case, supra.* He was bound by said stipulations notwithstanding his agent did not read them and had no actual knowledge of the contents.—*Prevatt's Case, supra,* and cases there cited. The plaintiff's replications, or some of them, do not deny the agency or the existence of the stipulation as set up in defendant's special pleas, and of which the law charged him with notice, whether he had knowledge of same or not, and said replications seek to avoid the same upon a want of knowledge of the stipulation, although the law charged him with notice. In other words, he seeks to avoid the effect of the stipulations in the contract because his agent did not read the same or have it specially brought to his attention. Replication 2 does not set up a waiver of the stipulation, as it does not charge that defendant's agent had notice that the address was beyond the free delivery limits when making the charge for transmission, and, as above stated, the plaintiff cannot avoid the stipulation merely because his agent had no knowledge of a provision in the contract and of which the law charged him with notice. This replication is not governed by the holding in the case of *W. U. T. Co. v. Burns,* 164 Ala. 252, 51 South. 373. It is true that this replication 2 is quite similar to replication 4 in said case to plea 2, but its sufficiency seems not to have been questioned or considered upon appeal. Moreover, the court held, under the peculiar facts in that case, that it was a question of fact, and not of law, as to whether or not the defendant's agent, who transcribed the message, which was handed him upon ordinary paper, onto one of the defendant's forms, was acting as agent for the plaintiff in doing so. If he was not so acting, then the plaintiff was not bound by the stipulation in the transcribed form, unless he had knowledge of same, as distinguished from notice imputed to him by law if it was transcribed by himself or agent. The pleadings are not set out in full in the *Burns Case, supra,* but it is evident that the question of agency of the person who transcribed the message was open, or it was charged that he was the agent of the defendant instead of the plaintiff, and in this event the replication was good in avoidance of the stipulation. Here the pleadings, to which the replication attempts an issue, disclose the fact that the message was written on the defendant' form, containing the stipulation, by the plaintiff's agent.

(3-5) The provision contained upon the back of the telegram blank was for the benefit of the company, and may be waived by

[Western Union Telegraph Co. v. Miller.]

it, and such waiver may be in parol.—*W. U. T. Co. v. Heathcoat,* 149 Ala. 623, 43 South. 117; *Caufield v. Finnegan,* 114 Ala. 48, 21 South. 484; *Security Co. v. Riley,* 157 Ala. 553, 47 South. 735; *Galliher v. State Mut. L. I. Co.,* 150 Ala. 543, 43 South. 833, 124 Am. St. Rep. 83. Replications 3, 4, and 5, in effect, set up a waiver of the provision by the acceptance by the defendant's agent of certain charges for the delivery of said message, he having full knowledge that the address was beyond the free delivery limit. If the defendant's agent undertook to deliver the message at the address, knowing that it was beyond the free delivery limit for a fixed charge, which was paid by the plaintiff's agent, this would constitute a waiver of the provision. It is no doubt true that the waiver relied upon should not be the mere general averment of such, or the conclusion of the pleader, but we do not think that such is the case with replications 3, 4, and 5; they set up briefly and concisely the facts constituting the waiver. It is true each of those replications, like number 2, negative knowledge of the plaintiff's agent of the provision, but this would be immaterial, if the defendant waived said provision, and this averment, when coupled with the averment of the facts constituting the waiver, was but an unnecessary undertaking on the part of the plaintiff and did not render said replications subject to the defendant's demurrer.

(6) Replication 6 sets up a new undertaking for a reward, and it is insisted that said new undertaking should be read in the light of the provision upon the back of the form relieving the defendant from any liability. It is sufficient to say that the replication charges that defendant negligently conducted itself, and as against which the provision on the blank could not exempt it.—7 Mayf. Dig. 880.

(7) Plea 4 sets up contributory negligence upon the part of the sender in not giving the plaintiff's proper address, that there was no such address as the one given, and the plaintiff could not therefore be found at the place designated. Replication 8 to this plea was insufficient, as it charges no facts placing a duty or obligation upon the defendant to have made efforts to locate the plaintiff elsewhere or how or in what manner the address given would have aided in the location of the plaintiff.

(8) We are not impressed with the suggestion of appellee's counsel that this court should not review the rulings on the special pleas and replications under the authority of *Wes. U. T. Co.*

*v. Louisell,* 161 Ala. 231, 50 South. 87. The records in the two cases are not similar. In the *Louisell Case,* the pleas, replications, etc., were interposed long before the last amendment of the complaint, and it did not appear that they were refiled after the amendment, or that issue was joined as to same. Here the complaint was demurred to after amendment, and on the same day, and after overruling the demurrer to the amended complaint, the pleas were interposed, and while they did not specify the complaint as amended, they were filed after the demurrer, and the demurrer went to the complaint as amended; therefore the pleas were necessarily interposed to the complaint after it was amended. It is true that after the ruling upon the pleading and before the cause was submitted to the jury, the plaintiff withdrew count 2 and replication 7, but this did not eliminate the pleas because not reinterposed after said withdrawal of count 2, as said pleas went to the complaint and each count thereof, separately and severally.

The discussion of the replications demonstrates the immateriality of the evidence of J. F. Miller as to his knowledge of the provision upon the back of the telegram.

Charge 1, given for the plaintiff, could have well been refused for the use of the word "preponderance."—7 Mayf. Dig. p. 142. Moreover, it was calculated to mislead the jury into the belief that the defendant was required by a greater degree of proof to establish its pleas than was required by the plaintiff to establish his complaint. It required the plaintiff to establish his complaint to the reasonable satisfaction of the jury, but required the defendant to establish his pleas to the reasonable satisfaction of the jury but by a "preponderance" of the evidence. Whether or not the giving of same would be reversible error we need not determine, as the case must be reversed for other reasons. It is sufficient to say that it can be refused with safety upon the next trial.

Charge 2, given for the plaintiff, if not otherwise misleading, could have well been refused because of the use of the word "preponderance." Same as to plaintiff's given charge 3.

There was no error in giving plaintiff's charge 4.

(9) The trial court erred in refusing the defendant's requested charge 6. The complaint sought damages because of a failure to attend his father's funeral, and the burden was upon him to show that he could have reached the place in time to be at

[Háll, et al. v. First Bank of Crossville.]

said funeral had the message been properly delivered.—37 Cyc. 1731; *W. U. T. Co. v. Emerson*, 161 Ala. 221, 49 South. 820. The complaint does not claim for a failure to get the message in time to have the funeral postponed, and that it would have been postponed to await the arrival of the plaintiff, but that the plaintiff failed to get the message in time to attend the funeral, and in order to recover this element of damages, the burden was upon him to show that the delay in the delivery was the proximate cause of his not getting to the funeral. To do this he had to show that he would have gone and that he could have arrived in time for the funeral had the message been promptly delivered, and this proposition was substantially asserted in defendant's refused charge 6. It is conceded by both sides that this charge 6 is incorrectly set out in the record, as it contains the word "father" instead of mother, and the original contained the word "mother." This error in the original charge no doubt justified its refusal, but the principle announced as to same is sound.

The judgment of the circuit court is reversed.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.