**JOHNSON v. WESTERN UNION TELEGRAPH CO.  (5 Div. 889.)**

(Supreme Court of Alabama.  March 25, 1926.  Rehearing Denied May 13, 1926.)

**1. Pleading 12—Special plea of failure to present claim for damages for failure to deliver telegram promptly held defective in not alleging that matter of claim was peculiarly within plaintiff's knowledge (Code 1923, § 8048).**

In suit for damages for failure to deliver telegram promptly, special plea of failure to present written claim within time stated on back of message *held* defective, under Code 1923, § 8048, in not alleging that matter of plaintiff's claim was peculiarly within his knowledge.

**2. Pleading 208—Demurrer not pointing out failure of special plea to allege that matter of claim for damages for failure to seasonably deliver telegram was peculiarly with plaintiff's knowledge, held properly overruled.**

Demurrer to special plea, not alleging that matter of claim for damages for failure to seasonably deliver telegram was peculiarly within his knowledge, was properly overruled, where no apt ground of demurrer pointed out such defect.

**3. Telegraphs and telephones 73(1)—Whether claim for failure to deliver telegram was presented within time limited held for jury.**

Whether plaintiff presented written claim for damages for failure to deliver telegram promptly within time provided on back of message *held* for jury, where plaintiff testified as to writing letter to defendant, which was sub-

stantial compliance with such duty, within such time.

**4. Trial ⬦253(5)—Charge to find for defendant, in action for damages for failure to deliver telegram promptly, if plaintiff resided over mile from defendant's office and could not be found within such limits by reasonable diligence, held erroneous, as ignoring issue under replication asserting that defendant undertook to make delivery for reward after discovering that plaintiff lived without free delivery limits.**

In action for damages for failure to deliver telegram promptly, charge that if plaintiff resided, on date of message, over mile from defendant's office in city where it was received, and could not have been found by defendant within such limits by reasonable diligence, verdict should be for defendant, *held* erroneous, as ignoring issue under replication asserting that defendant, after discovering that plaintiff lived without free delivery limits, undertook to make delivery for reward, which it received, and was negligent therein.

**5. Telegraphs and telephones ⬦37(3)—Company undertaking to deliver telegram for reward after discovering addressee lived outside free delivery limits waived provision as to free delivery limits.**

In action for damages for failure to deliver telegram promptly, evidence that defendant, after discovering that plaintiff lived without free delivery limits, undertook to make delivery for reward, which it received, would warrant finding that it waived provision on back of message for free delivery only within such limits, and was negligent in not effecting delivery on day telegram was received, in which case verdict for plaintiff would be proper.

**6. Appeal and error ⬦1064(1)—Charge to find for telegraph company sued for damages for failure to deliver telegram promptly if plaintiff resided outside free delivery limits and could not be found by reasonable diligence held not prejudicial to plaintiff for whom jury found on such issue, as evidenced by verdict for small sum.**

In action for damages for failure to deliver telegram to plaintiff promptly, where jury found for plaintiff, as evidenced by verdict for small sum, on issue of defendant's negligence in not effecting delivery on day telegram was received, though plaintiff resided outside free delivery limits, instruction to find for defendant, if plaintiff resided over mile from defendant's office and could not have been found within such limits by reasonable diligence was not prejudicial.

**7. Trial ⬦253(10)—Charge that burden was on plaintiff to prove time and trains by which he might have reached brother's bedside in time to see him before his death, in order to recover damages on theory that delay in receipt of telegram prevented him from so doing, held reversible error, as eliminating from consideration availability of travel by automobile, contrary to plaintiff's evidence, and probably preventing recovery of substantial damages.**

In action for damages for failure to deliver telegram promptly, charge that burden was on plaintiff to prove time and trains by which he might have reached his brother's bedside in time to see him before his death, in order to recover damages on theory that delay in receipt of message prevented him from so doing, *held* reversible error, as eliminating from consideration availability of travel by automobile, contrary to plaintiff's evidence, and probably eliminating recovery of substantial damages.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Suit by J. Henry Johnson against the Western Union Telegraph Company for damages for failure to deliver promptly a telegram. Plaintiff, being dissatisfied with the judgment in his favor, appeals. Reversed and remanded.

Pleas 2 and 3 are as follows:

"(2) For further separate plea in this behalf to the complaint as amended and to each count separately and severally, defendant avers that the alleged message sued on was in writing when accepted by defendant for transmission, written upon one of the forms or blanks provided by defendant for that purpose immediately after the printed words appearing ,upon the face of said form or blank, 'Send the following message subject to the terms on back hereof, which are hereby agreed to,' immediately after which appear the address and body words of the message sued on, the address appearing thereon being 'Henry Johnson, 1726 Jasper Street, Bham, Ala.'

"And defendant avers that on the back of said message, and constituting a part of the contract of transmission and delivery between the defendant and the sender of said message, appeared the following terms and provisions:

"'All messages taken by this company are subject to the following terms:

"'4. Messages will be delivered free within one-half mile of the company's office in towns of 5,000 population or less, and within one mile of such office in other cities or towns. Beyond these limits the company does not undertake to make delivery, but will, without liability, at the sender's request, as his agent and at his expense, endeavor to contract for him for such delivery at a reasonable price.'

"And defendant avers that on the date of said message, to wit, August 15, 1920, Birmingham, Ala., the point to which said message was addressed, was a town of more than 5,000 population, and that the addressee of said message did not reside and was not to be found by defendant by the exercise of reasonable diligence within the free delivery limits of defendant's said office at Birmingham as defined by the said contract of transmission and delivery, nor was any provision made by the sender of said message for delivery of said message at a greater distance.

"(3) For further separate plea in this behalf to the complaint as amended and to each count separately and severally, defendant avers that the alleged message sued on was in writing when accepted by defendant for transmission, written upon one of the forms or blanks provided by defendant for that purpose immediate-

ly after the printed words appearing upon the face of said form or blank, 'Send the following message subject to the terms on back hereof, which are hereby agreed to,' immediately after which appear the address and body words of the message sued on, the address appearing thereon being 'Henry Johnson, 1726 Jasper Street, Bham, Ala.'

"And defendant avers that on the back of said message, and constituting a part of the contract of transmission and delivery between the defendant and the sender of said message, appeared the following terms and provisions:

" 'All messages taken by this company are subject to the following terms:

" '6. The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission.'

"And defendant avers that said message was filed with the defendant for transmission on the 15th day of August, 1920, but that no claim for damages was presented to the defendant in writing within 60 days after the said 15th day of August, 1920."

Replication 5 to plea 2 is as follows:

"5. For further replication to defendant's plea 2, plaintiff avers that plaintiff's brother, W. O. Johnson, without any knowledge whatever of said alleged provision on the back of said message, delivered said message to defendant, together with plaintiff's address, to wit, 1726 Jasper street, Birmingham, Ala., and requested defendant to transmit and deliver same to plaintiff, at the same time in good faith paying defendant the amount charged by it for a speedy transmission and delivery of the message to plaintiff at said address, and the defendant, after discovery of the fact that plaintiff's address was without the free delivery limits of defendant's Birmingham office, notwithstanding said alleged provision, undertook for a reward which it expected to and did receive from plaintiff or his agent upon delivery of said message to deliver said message to plaintiff at said address, but negligently conducted itself in this regard, so that plaintiff did not receive said message until 14 or 15 or 16 hours after the same was delivered to plaintiff (defendant); wherefore plaintiff says defendant has waived the said alleged provisions."

Charge 14, given for defendant, is as follows:

"(14) I charge you that if you believe from the evidence that the plaintiff resided, on the date of the message, more than one mile from the defendant's office in Birmingham where the message was received, and that he could not have been found by defendant within such limits by the exercise of reasonable diligence on its part, then your verdict should be for the defendant."

J. W. Strother, of Dadeville, for appellant.

The provision on the back of the telegram blank was for the benefit of the telegraph company, and could be waived by it, and such waiver may be by parol. W. U. Tel. Co. v. Miller, 196 Ala. 620, 72 So. 168; W. U. Tel. Co. v. Heathcoat, 149 Ala. 623, 43 So. 117; Security Co. v. Riley, 157 Ala. 553, 47 So.

735; Galliher v. State, etc., Co., 150 Ala. 543, 43 So. 833, 124 Am. St. Rep. 83. Defendant waived the provision as to delivery limits by undertaking to deliver the message upon payment of usual charges, knowing the address on the message was beyond its delivery limits. A printed provision on a telegraph blank will not exempt the company from liability for negligence. W. U. T. Co. v. Miller, supra.

Barnes & Walker, of Opelika, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1, 2] Defendant's special plea No. 3 was defective in not alleging that the matter of plaintiff's claim for damages, based upon defendant's failure to seasonably deliver the telegram, was matter peculiarly within the knowledge of plaintiff. Nashville, etc., Ry. Co. v. Hinds, 178 Ala. 657, 59 So. 669; Id., 5 Ala. App. 596, 59 So. 670; Code 1923, § 8048. However, no apt ground of demurrer pointed out this defect, and hence the demurrer to the plea was properly overruled.

[3] The letter which plaintiff testified he wrote to defendant on August 31st, about two weeks after defendant's default in the delivery of the telegram, was a substantial compliance with the duty imposed upon him by the contractual provision set up in the plea. The testimony in that behalf made the issue one of fact for the jury, and hence defendant was not, as for this plea, entitled to the general affirmative charge.

[4-6] Charge No. 14 was erroneously given for defendant. Plaintiff's replication No. 5 to defendant's plea No. 2 asserted that, notwithstanding the provision as to free delivery limits, defendant, after discovering that plaintiff lived without those limits, undertook to make the delivery for a reward which it expected to receive and did receive, and was negligent therein. The issue under this replication was one of fact for the jury, but the charge referred to ignored this issue, and was, in practical effect, an affirmative instruction for defendant. If the jury believed the evidence tending to support the replication, they might properly have found that defendant waived the provision set up by the plea and was guilty of negligence in not effecting a delivery of the telegram on the day it was received at the delivering office in Birmingham. In that event, a verdict for plaintiff would have been proper. W. U. T. Co. v. Miller, 196 Ala. 620, 72 So. 168. However, since the jury found for plaintiff on this issue, as evidenced by their verdict for 62 cents, this instruction was not prejudicial.

[7] There was evidence for plaintiff tending to show that, had the message been delivered to him with reasonable promptness, he would have been able to secure transportation to his sick brother's home by automobile in time to see him before he died. Hence the

trial court was clearly in error in giving to the jury charge 8 as follows:

"I charge you, gentlemen of the jury, that the burden of proof rests upon the plaintiff to prove to your reasonable satisfaction *the time and trains* by which the plaintiff might have reached his brother's bedside, and arrived at or near the scene of his brother's illness in time to see his brother before his death, before you would be authorized to assess any damages whatever in favor of the plaintiff, on the theory that any delay in the receipt of the message by the plaintiff prevented him from seeing his brother before he died." (Italics supplied.)

The effect of the charge was to eliminate from consideration the availability of travel by automobile, contrary to plaintiff's evidence, and, probably, to eliminate the recovery of substantial damages on account of the deprivation referred to.

For this error the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

THOMAS, MILLER, and BOULDIN, JJ., concur.