(96 South. 625)

**WHITE et al. v. HOGLAND.** (6 Div. 881.)

(Supreme Court of Alabama. April 19, 1923. Rehearing Denied May 24, 1923.)

1. **Execution ☞288—Sheriffs and constables ☞113(1)—Sheriff and purchaser of mule at invalid execution sale held not protected by writ of execution as against actual damages.**

In an action for conversion of a mule sold by a sheriff under a writ of execution directed against plaintiff's father, if the evidence reasonably satisfied the jury that plaintiff and not his father was the owner of the mule, the writ of execution was no protection to either the purchaser or the sheriff, so far as actual damages were concerned.

2. **Appeal and error ☞1068(1)—Instruction erroneously assuming writ of execution void held not prejudicial error.**

In an action for damages for conversion and sale of a mule by a sheriff, an instruction, which erroneously assumed that the writ of execution was void because returnable in less than twenty days, *held* not prejudicial, where plaintiff's damages were not allowed, and where, under the evidence, the writ, if valid, would have been no protection against actual damages.

3. **Execution ☞245—Person permitting judicial sale of his property without asserting claim cannot afterwards assert it.**

As a general rule, one having title to or interest in property, who knowingly stands by and suffers it to be sold under a judgment or decree without asserting his title or right, or making it known to the bidders, cannot afterward set up his claim.

4. **Estoppel ☞94(2)—To estop assertion of claim to property judicially sold, owner's silence must be sought to have misled purchaser.**

In order that his silence may estop the owner of property improperly sold at a judicial sale from thereafter asserting his claim, it must be shown that the purchaser was misled by the owner's silence and that he was thereby induced to make the purchase.

5. **Estoppel ☞119—Whether owner of property sold at judicial sale estopped from thereafter asserting claim are questions for jury.**

Whether the owner of property improperly sold at a judicial sale is guilty of misconduct or declarations intended to deceive the purchaser, or of such gross negligence as to amount to constructive fraud, are questions of fact for the jury involving inferential conclusions which cannot be withdrawn.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action of Leonard Hogland, by his next friend, Oscar Hogland, against R. L. White and Lewis Reid. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The complaint is in two counts; one in trespass for taking a mule, the property of plaintiff, and the other in trover for its conversion.

The defendant White, a deputy sheriff, levied an execution on the mule as the property of plaintiff's father, and sold the animal for the satisfaction of a judgment against him, and the defendant Reid was the purchaser at that sale.

The tendency of plaintiff's evidence was to show that the mule belonged to plaintiff, while defendants contended that it belonged to plaintiff's father, as supported by some tendencies of the evidence.

It appeared without dispute that plaintiff, 19 years of age, and his father, were present at the execution sale and saw Reid purchase the mule, and that neither plaintiff nor his father made any assertion of plaintiff's claim, nor gave any warning to Reid before he purchased. Reid testified that he never knew of plaintiff's claim until this suit was filed.

The trial judge instructed the jury that—

"This execution was made returnable in less than 20 days, and was therefore without authority of law, and affords no protection in this case to the defendant White."

He also gave the same instruction as to both defendants.

The general affirmative charge was requested by defendant Reid, and was refused.

The jury found for plaintiff against both defendants, and there was judgment accordingly, from which they appeal.

Ward, Nash & Fendley, of Oneonta, for appellants.

The execution under which the property was sold, being irregular, and not void, was not subject to collateral attack. Mitchell v. Corbin, 91 Ala. 599, 8 South. 810; Clark v. Spencer, 75 Ala. 49; De Loach v. Robbins, 102 Ala. 288, 14 South. 777, 48 Am. St. Rep. 46. Appellee is estopped to deny the property was that of his father.

Russell & Johnson, of Oneonta, for appellee.

Counsel argue the questions raised, but without citation of authority.

SOMERVILLE, J. [1] If the evidence reasonably satisfied the jury that plaintiff, and not his father, was the owner of the mule, the writ of execution against plaintiff's father, under which defendant White seized and sold the mule, was of course no protection to either defendant, so far as actual damages were concerned. If plaintiff was not found to be the owner, then no such protection was needed, since in that event plaintiff could not recover.

[2] Under the instructions given the jury, there was no question of punitive damages in the case, and the verdict shows that only actual damages were awarded. Hence the error of the charge in its assumption that

the writ of execution was void because returnable in less than 20 days (DeLoach v. Robbins, 102 Ala. 288, 294, 14 South. 777, 48 Am. St. Rep. 46; Mitchell v. Corbin, 91 Ala. 599, 8 South. 810), was without materiality and of no prejudice to defendants. Under the evidence, the instruction that the writ was not a protection against liability was correct, notwithstanding it was grounded upon an erroneous reason.

[3] The argument for the general affirmative charge in favor of defendant Reid is based upon the theory of estoppel in pais. "Although there is some authority to the contrary, the general rule is that when a person having title to or an interest in property knowingly stands by and suffers it to be sold under a judgment or decree; without asserting his title or right or making it known to the bidders, he cannot afterward set up his claim." 21 Corp. Jur. 1158, § 159.

Whether, and to what extent, this rule is applicable to infants without contractual capacity, but who have arrived at years of discretion, we need not determine. See 22 Cyc. 548, d, and cases cited in note 24.

[4] However, to create such an estoppel, "it is essential that the purchaser should have been misled by the other's silence, and that he should have been induced thereby to make the purchase." 21 Corp. Jur. 1158, 1159. And, as said in Crary v. Dye, 208 U. S. 515, 521, 28 Sup. Ct. 360, 52 L. Ed. 595:

"There must, however, be some intended deception in the conduct or declarations, or such gross negligence as to amount to constructive fraud."

[5] These were questions of fact—involving inferential conclusions—which could not be withdrawn from the jury, and hence the general affirmative charge for Reid was properly refused, since it left nothing to the jury except the credibility of the testimony tending to establish the estoppel.

These are the only questions argued in brief for appellant, and other assignments of error need not be noticed.

No error appearing, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.