(126 So. 621)

## FAIRBANKS MORSE & CO. v. DEES et al.

'l Div. 583.

Supreme Court of Alabama.

Jan. 23, 1930.

Rehearing Denied March 20, 1930.

See, also, Fairbanks Morse & Co. v. Dees (1 Div. 557) ante, p. 41, 126 So. 624.

Smith & Johnston, of Mobile, for appellant.

R. P. Roach, of Mobile, for appellees.

SAYRE, J.

On the first petition for review by certiorari, the single question raised by the opinion of the court of appeals was whether defendants had been entitled to the general affirmative charge in the trial court. After the writ had been awarded, the court of appeals in its responsive opinion ruled that no error had been committed in the refusal of the general charge. With respect to numerous other assignments of error raising other questions of merit, the court of appeals has in its second opinion considered it to be an unprofitable undertaking to set out its reasons in detail for its conclusion that no error had been committed, and ordered an affirmance of the judgment rendered by the trial court. Now,. in the second petition, appellants contend,. inter alia, that the measure of damages, in. the event of a finding for plaintiffs (appellees), was erroneously stated to the jury and exception duly reserved. The above contention has been made in the court of appeals. This court adheres to its rule that on certiorari to the court of appeals no disputed questions of fact will be reviewed, and that where the court of appeals has stated the

facts, its statement will be accepted as conclusive. Postal Tel. Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91. But it has reserved the right, and therefore it becomes its duty, to examine the record proper which cannot be made the subject of dispute. Observing the aforestated rule of procedure, this court will not award the writ on consideration of what now appears to be the most important contention for error made in the brief for petitioner, to wit, that the trial court instructed the jury that if defendants, the vendors of a worked-over engine which they represented to be as good as new, delivered an engine not so good, then the true measure of damage was the difference between the fair market value of the engine contracted for and the engine delivered. Defendants, in effect admitting that the engine in its condition as first delivered was defective, contend now that it was at trouble and expense to correct the defect in the engine after its delivery; that, as repaired, the engine complied with their warranty, and as such was accepted and paid for at the contract price; that the measure of damages then was not the measure laid down by the trial court, but that the true measure was the damage, if any, brought about by the delays incident to the repair of the engine. On the facts as contended by defendants, petitioners in this proceeding, this court would say that there was error in the trial court's instruction as to the measure of damages. Plaintiffs did not seek to undo the transaction, the contract for the sale of an engine, and were, therefore, entitled only to such damage, such compensation, as would make their position as good as it would have been had they not entered into the transaction at all, had, after the delay caused by the defect, bought the engine they desired, to wit, a made-over engine as good as new, from some other vendor. 2 Williston on Sales (2d Ed.) §§ 645, 646. If the defect constituting the breach of warranty, or the deceit, if that form of expression is preferred, was capable of being remedied, the measure of recoverable damages, in the circumstances stated, was the expense of remedying that defect, if borne by the purchaser, and, in any event as to that, the loss of use or hire of the machine during the delay resulting from the defect. 35 Cyc. 474. But, as to the measure of damages in this case, this court is unable to make any authoritative statement for the reason heretofore indicated. It results that the second petition for review by certiorari must be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.