138 So. 295

### BROTHERHOOD INS. CO. v. HARRIS.
### 6 Div. 972.

Supreme Court of Alabama.

Oct. 15, 1931.

Rehearing Denied Dec. 17, 1931.

Harsh & Harsh and Françis Hare, all of Birmingham, for petitioner.

Wilkinson & Burton, of Birmingham, opposed.

**PER CURIAM.**

The Court of Appeals finds as of fact that plaintiff failed to adduce evidence to sustain the averments of the complaint that "plaintiff applied to defendant for hospital services for his wife in said Birmingham and defendant failed or refused to furnish said hospital services." This was the only breach of the contract alleged, and the writ of certiorari is denied on the authority of Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

The holding of the Court of Appeals in the majority opinion on rehearing, that the testimony going to show that defendant's agent Cooper instructed plaintiff, at the time of taking the application, to go to the Woodlawn infirmary in case of sickness was illegal and irrelevant, is not approved.

This evidence, in connection with the evidence showing that a circular was inclosed with the policy when delivered through the mails to plaintiff, advertising the insurance company, with a picture of the Woodlawn infirmary printed thereon, tended to show a selection of that Infirmary by the defendant for the treatment of its policyholders. This evidence had no tendency to change, modify, or affect the terms of the policy contract, and is not within the influence of section 8371 of the Code.

This evidence was also strengthened by the subsequent act of defendant's president in issuing an order to plaintiff to avail himself of said Infirmary as a place of treatment.

The contract of insurance clearly contemplates that defendant would provide a place of treatment, and its failure to arrange for the treatment of those covered by policies with some hospital in the city of Birmingham, constituted a breach of the contract. If such arrangement with the Woodlawn Infirmary had been made, it was pro hac vice the defendant's agent, and its refusal to receive plaintiff's wife was imputable to defendant.

Writ denied.

ANDERSON, C. J., and THOMAS, BROWN, and FOSTER, JJ., concur.