53 So.2d 609

## HAWIE v. KELLY.
### I Div. 435.

Supreme Court of Alabama.

June 28, 1951.

Hubert M. Hall, Bay Minette, for appellant.

Wm. V. McDermott, Mobile, and J. B. Blackburn, Bay Minette, for appellee.

LIVINGSTON, Chief Justice.

The appeal is from a judgment for plaintiff in the court below.

The complaint consisted of two counts in Code form. Count one claimed of the defendant the sum of $559.11 due from him on an open account on, towit, August 31, 1947. Count two claimed a like sum due from defendant for monies, on, towit, the first days of February, March, April, May, June, July and August 1947, received by the defendant to the use of the plaintiff.

To the complaint, and to each count thereof, separately and severally, the defendant interposed a plea of the general issue, a plea of payment, and three special pleas of set-off which, in substance, alleged that the plaintiff was indebted to the defendant in the sum of $1658 on an open account; a like sum for money loaned by defendant to plaintiff, and a like sum due by an account stated between the parties.

To these pleas the plaintiff interposed a general replication and six special replications. Replications two and three were to the effect that the matters relied upon in the special pleas claiming money due from plaintiff to defendant on an open account, and for money loaned by defendant to plaintiff, were barred by the statute of limitations for three years. Replications four, five, six and seven were to the effect that the defendant was estopped from asserting

these claims because of certain judgments rendered by the Inferior Criminal Court of Mobile County, civil side, and by the Circuit Court of Mobile County.

The defendant did not demur to these replications but joined issue thereon, and when the evidence was closed the trial court gave the affirmative charge for the plaintiff on the pleas of set-off and the jury returned a verdict for plaintiff on the complaint.

Briefly stated the evidence disclosed the following facts.

In 1945 defendant and plaintiff formed a partnership to operate a business in Mobile known as Kelly's Oyster Bar. Defendant furnished the money for the venture and plaintiff had charge of its operation and management. The business was sold to one Hammond after less than a year's operation, a part of the consideration paid by Hammond was certain promissory notes made payable to defendant, but with the understanding that plaintiff would receive one half of the proceeds of said notes when paid as his share of the purchase price. Some difficulty arose over the financial arrangements and plaintiff brought suit in the Inferior Criminal Court of Mobile, civil side, for his shares of the proceeds of the three notes which had then become due. To that claim defendant interposed a plea of set-off arising out of damages done to his automobile by plaintiff while in his possession. In that suit defendant had judgment. Meanwhile plaintiff filed suit for his share of another one of the Hammond notes which had become due and obtained a judgment in the Inferior Criminal Court of Mobile, civil side, and which judgment was affirmed, on certiorari, by the Circuit Court of Mobile County. Shortly thereafter the instant action was commenced.

■ Defendant first insists that the trial court was in error in admitting in evidence the notes of Hammond because there

was nothing to show that the defendant had received any money from the payment of them. Even if this argument is sound and the rulings erroneous, which we do not decide, it would be error without injury. The defendant himself admitted in his testimony that he had received money from the notes. Where the trial court erroneously admits evidence which is inadmissible at that time, but the fact which rendered it inadmissible is subsequently established by clear and undisputed evidence, such error is harmless and will not work a reversal of the case. National Surety Co. v. Boone, 227 Ala. 599, 151 So. 447; Gay & Bruce v. Citizens National Bank of Lineville, 215 Ala. 114, 110 So. 19; Espalla v. Wilson, 86 Ala. 487, 5 So. 867.

■ Defendant also argues that the trial court erroneously gave the affirmative charge for plaintiff on the three pleas of set-off. In support of this contention he relies on the proposition that the judgments in Mobile did not bar him or estop him from asserting his claims in the present action— in other words, that the replications were defective. But conceding that the replications were insufficient and did not present a legal defense, the defendant cannot complain of their sufficiency in this court. He did not demur to the replications, but chose instead to join issue thereon, and the allegations were conclusively proved. Where issue is taken on an immaterial or defective plea or replication and the allegations are proved, the pleader is entitled to the affirmative charge as to the issues raised thereby. Austin v. Clark, 247 Ala. 560, 25 So.2d 415; Rhode Island Ins. Co. v. Walden, 217 Ala. 510, 116 So. 693; Western Union Telegraph Co. v. Albertville Canning Co., 167 Ala. 342, 52 So. 885; Liverpool & London & Globe Ins. Co. v. Tillis, 110 Ala. 201, 17 So. 672.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.