235 So.2d 668

Caroline BLAIR

v.

ST. MARGARET'S HOSPITAL, a Corporation.

3 Div. 433.

Supreme Court of Alabama.

May 15, 1970.

Mooneyham & Mooneyham, Montgomery, for appellant.

Ball & Ball, John R. Matthews, Jr., Robert S. Lamar, Jr., Montgomery, for appellee.

BLOODWORTH, Justice.

Plaintiff appeals from a judgment and verdict of the jury in favor of the defendant in a malpractice suit.

Plaintiff filed suit against defendant claiming damages as a proximate result of the hospital's negligence in failing to give her an enema prior to a hysterectomy operation performed by her own surgeon.

Plaintiff testified to the effect that her preparation for surgery "was supposed" to include a Fleet's enema given by the hospital as ordered by her surgeon. She testified this is a medicated enema to clean the intestines out so that there is no danger of infection. She denied receiving this enema and attributed her subsequent maladies to this alleged negligence and lack of skill on the part of the hospital. Plaintiff testified she had complained prior to surgery of not having had the enema.

The surgeon who performed the surgery testified that she (the surgeon) did order the Fleet's enema but that if it had not been given it would not have been harmful nor affected the surgery, which she stated was a complete success. She also testified that the first time Mrs. Blair complained to her that she had not received the enema was five or six days after the operation. The doctor further testified that nothing the hospital did or failed to do caused any injury to Mrs. Blair while at the hospital, nor would the failure to receive a Fleet's enema have resulted in any of her later complaints.

A physician engaged in general practice testified for plaintiff. He is now her personal physician. He stated that he was familiar with her complaints as she related them to him. He would not say that any of these complaints were attributable to a failure on the part of defendant to properly care for her. He also stated he could not relate her present ailments to a failure to give a Fleet's enema.

The head nurse on the floor at the hospital testified to attending Mrs. Blair prior to surgery, but that she was "in and out of the room." She related that Mrs. Blair did not complain to her about not having an enema, nor of being improperly prepared prior to surgery. She related that Mrs. Blair did seem apprehensive. Later, in the post operative period Mrs. Blair did complain to her about not having had the enema. The head nurse testified, " * * * so I went back and I checked to be sure * * * before surgery she had a Fleet enema." She testified the student nurse (who was in Florida at time of trial) wrote it down, that the enema comes in a package, that " * * * it was ordered and it was gone."

Defendant's request for the affirmative charge was denied. The jury returned a verdict for the defendant.

On this appeal, plaintiff complains of reversible error in the giving of these two written charges requested by defendant, viz:

"Defendant's charge number 9: I charge you that before the plaintiff is entitled to recover she has the burden of proving to the reasonable satisfaction of the jury that the hospital was guilty of some negligent misconduct which directly caused her some damage or harm. If she has failed to so satisfy you, then you can not return a verdict for the plaintiff.

Given, Emmet, Judge."

"Defendant's charge number 13: I charge you that the hospitalization could not be said to be negligent for following the instructions of a reputable doctor of plaintiff's own selection who was treating the plaintiff according to accepted medical and surgical procedures.

Given, Emmet, Judge."

Plaintiff contends charge 9 is an erroneous charge, the giving of which was prejudicial to plaintiff because of the phrase "negligent misconduct," used therein. Defendant says it is, at most, merely misleading and plaintiff's remedy was to request an explanatory charge. Assuming the charge is erroneous, defendant says, plaintiff's given charges 1 and 3, as well as the oral charge of the court, fully covered the subject and the error, if any, is not reversible error.

■■ Assuming for the sake of argument that the charge is misleading, the giving of it is not reversible error because plaintiff should have requested an explanatory charge. In Alabama Power Company v. Smith, 273 Ala. 509, 524, 142 So.2d 228, 242, we said:

"If, however, Charges 12 and 13 be deemed incomplete and, therefore, misleading, giving them was not reversible error. 'It is not necessarily reversible error to give ambiguous or misleading charges; proper explanatory instructions should be given at request of party supposing himself prejudiced thereby.' Birmingham Southern R. Co. v. Harrison, 203 Ala. 284, 291, 82 So. 534, 541. * *"

We are not impressed with plaintiff's argument that giving this charge conveyed to the jury the erroneous idea that plaintiff had to prove "willful negligence." Also, we believe the subject of this charge was fully covered in both the oral charge of the court and plaintiff's given charges.

We said in Russell v. Relax-A-Cizor Sales, Inc., 274 Ala. 244, 248, 147 So.2d 279, 282:

"We have also held that giving of an erroneous charge does not necessarily mean a reversal of the trial court. In International Union, etc. v. Russell, 264 Ala. 456, 88 So.2d 175, 62 A.L.R.2d 669, we said:

"'Appellants further argue that the charge was erroneously given because it

fails to instruct that punitive damages could be awarded only if the jury determined that plaintiff suffered actual damages. This argument is without merit for the subject is fully covered in the oral charge given by the judge. Such being the case, if any error existed, it is not reversible error. * * *'"

Plaintiff contends charge 13 is misleading and abstract because it omits the possibility the hospital could be negligent though the doctor might not. Defendant says even if it is assumed this charge is misleading, it was corrected by other given charges and the oral charge.

■ We do not concede the charge is misleading. But, if it is, as we have already said, the plaintiff should have requested an explanatory charge. Alabama Power Company v. Smith, supra. If abstract, it is not reversible error, for we do not think from viewing the whole record that it misled the jury to plaintiff's prejudice. Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Knabe v. State, (1970) 285 Ala. 321, 231 So.2d 887.

Finally, plaintiff complains of reversible error in the refusal of two written charges she requested, viz:

"Plaintiff's Requested Charge 4: No matter how much skill the agents and servants of the defendant may have possessed, yet if they so negligently or unskillfully untook to care for and attent to the plaintiff, or if they negligently or unskillfully cared for or treated or omitted to care for or treat the plaintiff, and such negligence or unskillfulness proximately contributed to the injury to the plaintiff, then the defendant is liable. Refused, Emmet, Judge."

"Plaintiff's Requested Charge 5: You are instructed that, if a hospital has taken charge of the patient, and undertaken for reward to furnish hospital and apparatus for an operation, it is its duty to exercise, through its agents and

servants, proper care and diligence to furnish reasonably prudent and proper facilities, and it may be liable for any failure so to do, even through its servants and agents are otherwise careful and confident.

Refused, Emmet, Judge."

Plaintiff says charge 4 was not covered by the oral charge and charge 5 was a correct principle of law. Defendant says charge 4 contains misspelled words, "untook" for "undertook" and "attent" for "attend."

Also, defendant says the rule of law as expressed in charge 4 was substantially covered by plaintiff's given charge 2. As to charge 5, defendant says the charge was properly refused because there was no contention defendant undertook to furnish "proper facilities," only that it failed to provide "proper treatment," i. e., an enema. Further, defendant says the charge used an incorrect word "confident" instead of "competent," and employs the phrase "even though."

■ Both charges were properly refused. Aside from the confused spelling, the rule of law in charge 4 was substantially covered by plaintiff's given charge 2.

■ Charge 5 used the phrase "even though" (although it is misspelled) which makes it bad in form as we have heretofore held. Louisville & N. R. Co. v. Parker, 223 Ala. 626, 646, 138 So. 231 [cert. granted 286 U.S. 535, 52 S.Ct. 496, 76 L. Ed. 1275, cert. dismissed 287 U.S. 569, 53 S.Ct. 94, 77 L.Ed. 501]; Manistee Mill Co. v. Hobdy, 165 Ala. 411, 417, 51 So. 871, 138 Am.St.Rep. 73. It may be bad also on account of the other contentions advanced by defendant.

There is yet another reason why there is no reversible error in the giving or refusing of these charges.

■ Repeatedly, we have held that where the general affirmative charge should have been given for the defendant, error in giving any other charge is error without injury. Coe v. Louisville and Nashville Railroad Company, 272 Ala. 115, 117, 130 So.2d 32. The rule is the same with respect to error in refusing requested charges. Lambert v. Southern R. Co., 214 Ala. 438, 439, 108 So. 255.

■ We are convinced after reviewing the tendencies of the evidence most favorable to the plaintiff, and after allowing all inferences which the jury was free to draw, that plaintiff failed to prove that defendant was guilty of negligence which proximately caused plaintiff's alleged injuries and damages.

In our recent case of Parrish v. Spink (1969), 284 Ala. 263, 266–267, 224 So.2d 621, 624, we said:

> "Ordinarily, in a malpractice case, proof as to what is or is not proper practice, treatment and procedure, can be established only by expert medical evidence. Snow v. Allen, 227 Ala. 615, 151 So. 468. In such a case lack of expert testimony results in lack of proof of negligence and such proof is essential to establish a plaintiff's case."

See also, Berry, etc. v. Robertson, (1970), 285 Ala. 623, 235 So.2d 657.

This case is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, and McCALL, JJ., concur.