253 So.2d 769

In re Wayne HUMPHREY, as Executor of the Estate of T. J. Morrow, Deceased,

v.

Opal S. BOSCHUNG and Onie S. Garrison, Individually and as Administratrices of the Estate of Katie Morrow Sharp, Deceased.

Ex parte Opal S. BOSCHUNG and Onie S. Garrison, Individually and as Administratrices of the Estate of Katie Morrow Sharp, Deceased.

8 Div. 415.

Supreme Court of Alabama.

Sept. 30, 1971.

Hutson & Elrod, Decatur, for petitioners.

602

Grady J. Long, Hartselle, for respondent.

LAWSON, Justice.

We granted the petition for writ of certiorari filed by Opal S. Boschung and Onie S. Garrison in their individual and representative capacities to review the decision and judgment of the Court of Civil Appeals in the case of Humphrey, as Executor of Estate of Morrow, Deceased v. Boschung and Garrison, Individually and as Administratrices of the Estate of Katie Morrow Sharp, Deceased, 47 Ala.App. 310, 253 So.2d 760.

The writ was duly issued and the cause was submitted on May 18, 1971, upon the transcript and briefs, in lieu of oral argument. Supreme Court Rule 39, as amended.

After considering the opinion of the Court of Civil Appeals, in connection with the prolix and somewhat confusing petition for writ of certiorari and the briefs filed on behalf of the parties, we have felt constrained to go to the original record filed in the Court of Civil Appeals in an attempt to get a better understanding of the questions which we must consider. In Cranford v. National Surety Corp., 231 Ala. 636, 637, 166 So. 721, 722, we said in part as follows:

"* * * when there is no dispute about the facts, we examine the record for a more complete understanding of those features of it which are treated. Fairbanks, Morse & Co. v. Dees, 220 Ala. 604, 126 So. 621; Hood v. State, 230 Ala. 343, 162 So. 543. *This naturally includes pleadings, charges, and contracts which that court has interpreted in the opinion under consideration.*" (Emphasis supplied)

The opinion of the Court of Civil Appeals indicates that the record in this estate claim case, which might be expected to be simple, is indeed complex. We agree and after reviewing the record we are reminded of an observation made by Mr. Justice Harwood, writing for the court in another estate claim case. White v. Hilbish, 282 Ala. 498, 213 So.2d 230. We quote:

"From this modest situation [contest of a claim against an estate] what at first appeared to be only a jurisprudential hillock has by motions, counter motions, and procedural steps, been raised into a jurisprudential Mount Everest necessitating a record of some 775 pages." (282 Ala. 500, 213 So.2d 232)

The record in this case is not as large as was the record in the *White* case, *supra*, but the record here does contain two hundred and fifty pages, many of which are filled with complicated pleadings, which makes us appreciate fully the dilemma with which the Court of Civil Appeals was confronted in drafting the opinion here under review.

This litigation originated in the Probate Court of Morgan County when Mrs. Boschung and Mrs. Garrison, in their capacities as administratrices of their deceased mother, Mrs. Sharp, filed a claim against the estate of their deceased uncle, T. J. Morrow, for room, board and personal attention which Mrs. Sharp was alleged to have supplied to her brother, T. J. Morrow.

Wayne Humphrey, as executor of the estate of T. J. Morrow, deceased, gave written notice to the claimants to the effect that their claim was disputed. § 216, Title 61, Code 1940, as amended.

The record shows that Mr. Humphrey, as executor of the Morrow estate, timely took an appeal "from the Order and Judgment of the Probate Court of Morgan County, Alabama, * * * allowing a portion of the Claim filed * * *" by Mrs. Boschung and Mrs. Garrison against the said Morrow estate.

We will sometimes hereinafter refer to Mrs. Boschung and Mrs. Garrison as the claimants and to Mr. Humphrey as the contestant.

The appeal was taken under the authority of § 216, Title 61, Code 1940, as amended and, therefore, was to the Circuit Court of Morgan County, where the cause was tried *de novo* before a jury, which return-

ed the following verdict: "We, the jury, find for the claimants and fix the amount at $1,916.00." The Circuit Court thereupon rendered a judgment which in pertinent parts reads:

"Therefore, in accordance with the verdict of the jury in this cause, it is now by the Court considered, ordered and adjudged that the claim of [claimants] against the estate of T. J. Morrow, deceased, be, and the same hereby is, allowed and established in the amount of, to-wit [$1,916], and disallowed and denied as to any and all sums in excess of the said amount of $1,916.00 in which the said claim is here-with allowed and established. * * *"

■ We do not construe that judgment to be a monied judgment. It appears to us to be in a form which complies with prior decisions of this court. We have said that the determination of a contest or claim filed against an estate as authorized by § 216, Title 61, supra, does not ordinarily lead to a monied judgment. Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799; Ex parte Zepernick, 259 Ala. 493, 66 So.2d 757. Cf. Merchants Nat. Bank of Mobile v. Cotnam, 250 Ala. 316, 34 So.2d 122.

From the aforementioned judgment the contestant, Mr. Humphrey, appealed, assigning as error various rulings of the trial court and the action of that court in giving certain written charges requested by claimants.

The Court of Civil Appeals reversed the judgment of the Circuit Court of Morgan County because the trial judge gave claimants', appellees', written charges numbered 32, 34 and 36, and on no other ground. This review by certiorari followed the action of the Court of Civil Appeals in reversing the judgment of the Circuit Court of Morgan County.

As indicated in the opinion of the Court of Civil Appeals, the claim which was filed in the probate court was the claimants' ini-

tial pleading in the circuit court, the claimants not seeing fit to formalize the allegations in the claim into a complaint. The claim makes no reference to an express contract and it was apparently drafted to come within the principle of our cases to the effect that an implied agreement between near relatives to pay a reasonable sum for support may be inferred where the facts and circumstances are such that a mutual intent to pay and to receive pay for such services is a reasonable and just conclusion. Coleman v. Adkins, 232 Ala. 351, 168 So. 184, and cases cited. We have observed that in proceedings of this kind formal pleadings are not contemplated or practical. Norton v. Liddell, 280 Ala. 353, 194 So.2d 514.

Although claimants did not rely upon an express contract in their claim, the contestant in Pleas 2 and 3 pleaded the statute of limitations of six years applicable to a simple contract (§ 21, Title 7, Code 1940; Keel v. Weinman, 266 Ala. 684, 98 So.2d 611; Marsh v. Southern Airways, Inc., 5 Cir., 316 F.2d 91), along with a plea of the statute of limitations of three years (§ 24, Title 7, Code 1940), applicable to open account claims for services rendered a deceased. Norton v. Liddell, *supra.*

The Court of Civil Appeals held that claimants' Charge 32 was so misleading and prejudicial to contestant, the appellant in that court, as to require a reversal.

The effect of the Court of Civil Appeals' holding is that Charge 32 is misleading in that it is abstract because it is hypothesized on the jury's being reasonably satisfied from the evidence that there was an express contract, although there was no evidence of a valid express contract.

An instruction based partly or entirely on a state of facts not appearing in the evidence has been held to be abstract. Pappas v. Alabama Power Co., 270 Ala. 472, 119 So.2d 899; State v. Ingalls, 277 Ala. 562, 173 So.2d 104; Allen v. Hamilton, 109 Ala. 634, 19 So. 903; Garrett v. Holloway, 24 Ala. 376.

This court has said that the giving of an abstract charge, one hypothesized on facts which had no support in the evidence, does not constitute reversible error unless it appears from the whole record that the charge did in fact mislead the jury to the appellant's prejudice. Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Locklear v. Nash, 275 Ala. 95, 152 So.2d 421. See Blair v. St. Margaret's Hospital, 285 Ala. 636, 235 So.2d 668; Knabe v. State, 285 Ala. 321, 231 So.2d 887; Farr v. Blackman Plumbing & Heating Co., 267 Ala. 585, 103 So.2d 777.

But this court has reversed where it has determined from an examination of the entire record that the jury was misled because of the giving of an abstract charge. Herring, Farrell & Sherman v. Skaggs, 73 Ala. 446; Beck v. State, 80 Ala. 1; Goldsmith & Davis v. McCafferty, 101 Ala. 663, 15 So. 244; Goldsmith v. State, 86 Ala. 55, 5 So. 480. See Lassetter v. King, 249 Ala. 422, 31 So.2d 588.

As we have indicated above, the Court of Civil Appeals' conclusion that Charge 32 is misleading is grounded on its finding that there was no evidence of a valid express contract. We quote from the opinion of the Court of Civil Appeals:

"* * * We have thoroughly examined the evidence and find nothing to support the existence of such a contract. The only evidence offered as to an express contract was the conversation between Morrow, Mrs. Sharp and her daughters on Sunday afternoon, May 19, 1959. [See opinion delivered by Court of Civil Appeals in response to application for rehearing concerning the date of the conversation.]

"It is the statutory law of this state that all contracts made on Sunday, with specific exceptions not applicable to this case, are void. Title 9, Section 21, Code of Alabama 1940. McNeel Marble Co. v. Robinette, 259 Ala. 66, 65 So.2d 221.

"Since there was no evidence before the jury as to a valid express contract, the court should not have instructed the jury that a statute of limitation of six years might enter into their deliberations. * * *"

■ We have not gone to the original record to examine the transcript of the evidence in order to evaluate the finding of the Court of Civil Appeals to the effect that the only evidence offered as to an express contract was the conversation which took place on a Sunday afternoon in May of 1959. To do so would run counter to the oft-stated rule to the effect that this court on certiorari to review an opinion and judgment of an intermediate appellate court does not review the evidence as contained in the record to determine for ourselves what were the facts of the case. We act upon the finding of facts as made by the intermediate appellate court. Ex parte Thaggard, 276 Ala. 117, 159 So.2d 820, and cases cited; Ex parte McCleney, 286 Ala. 288, 239 So.2d 311; Ex parte Newbern, 286 Ala. 348, 239 So.2d 792. In Ex parte Thaggard, *supra,* the then Court of Appeals held in effect that there was insufficient legal evidence to support the charge of false pretense. We refused to go to the transcript of the testimony to review that finding despite the insistence made in brief that "it certainly behooves this Court to review the entire testimony filed with the Court of Appeals." In Williams v. State, 222 Ala. 584, 585, 133 So. 737, it was said:

"The Court of Appeals holds that there was sufficient evidence to take the case to the jury as to whether or not the shrimp were taken from the prohibited zone, and this finding will not be reviewed by this Court. Postal Telegraph Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91."

And in Brotherhood Ins. Co. v. Harris, 224 Ala. 28, 29, 138 So. 295, we said:

"The Court of Appeals finds as a fact that plaintiff failed to adduce evidence to sustain the averments of the complaint that 'plaintiff applied to defendant for hospital services for his wife in said Birmingham and defendant failed or re-

fused to furnish said hospital services.' This was the only breach of the contract alleged, and the writ of certiorari is denied on the authority of Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91."

Nothing said in Ex parte Johnson v. State, 287 Ala. 524, 253 So.2d 344, or in Tanner v. State, 259 Ala. 306, 66 So.2d 836, was intended to impinge upon the established principle of review recognized and applied in the cases from which we have above quoted.

Moreover, a careful reading of the brief filed here on behalf of the petitioners, the claimants, indicates that they concede that the express contract upon which they rely was made on a Sunday afternoon.

Section 21, Title 9, Code 1940, as here pertinent reads: "All contracts made on Sunday, unless * * * in the execution, or for the performance of some work of charity, or in case of necessity, * * * are void."

The Court of Civil Appeals held that the exceptions of § 21, Title 9. supra. are not applicable to this case.

The petitioners, claimants, in their brief find fault with that holding of the Court of Civil Appeals.

First, they say, in effect, that such holding "necessarily assumed that it was incumbent upon the claimants, because their own evidence showed that the contract was made on a Sunday, to prove that the contract fell within one of the statutory exceptions," and that such an assumption was improper in that all that claimants had to prove, under their express contract replication, was the making of a contract and that the contestant in order to defeat recovery on a Sunday contract had to prove not only that the contract was made on Sunday but "that it was not made either for the performance of some work of charity or a case of necessity."

We cannot agree that the holding of the Court of Civil Appeals to the effect that the exceptions of § 21, Title 9, supra, were not applicable to this case was based on an erroneous assumption relative to the burden of proof and we see no reason to become involved on this review in a discussion of the burden of proof question.

Petitioners' other reason for finding fault with the holding of the Court of Civil Appeals presently under consideration is in substance that the statement in the original opinion that the exceptions in § 21, Title 9, are not applicable to this case and the following statement in the opinion delivered in response to application for rehearing, "In any event, it is our opinion that there was no evidence of a moral or physical necessity giving rise to the Sunday contract which would bring it within the exceptions in the statute," are erroneous in that there was evidence which would have supported a finding by the jury that the contract was a work of charity or resulted from a "case of necessity."

We repeat what we have said above, that we are not going to the original transcript filed in the Court of Civil Appeals to review the evidence to determine whether or not the Court of Civil Appeals did err in its finding of fact relative to the absence of evidence to support a finding that the contract in question came within an exception enumerated in § 21, Title 9.

In the light of the evidence in the opinion of the Court of Civil Appeals as it relates to the express contract relied upon by claimants, we think the language hereafter quoted from Burns & Co. v. Moore & McGee, 76 Ala. 339, is appropriate in connection with claimants' assertion that there was evidence from which the jury could have found the contract to have been made in a "case of necessity."

We quote from the case last cited:

"* * * The term necessity, as used in such statutes, means more than physical necessity. It is universally construed by the court to involve also consideration of moral fitness and propriety under the peculiar circumstances of the par-

ticular case * * * The necessity which will excuse, if not a physical one, must, at least, be a moral emergency which will not reasonably admit of delay, but is so pressing in its nature as to rescue the act done from the imputation of a willful desecration of a day made sacred for certain purposes in morals as well as in law. * * *

"We see in this case no elements of either physical or moral necessity. No emergency is shown which excuses the taking of the note on Sunday. * * * No excuse is shown for not postponing the act another day, except the mere inconvenience of an ordinary delay in traveling. * * *" (76 Ala. 344)

The word "charity" has been held to include everything which proceeds from a sense of moral duty, or a feeling of kindness to humanity, and is intended wholly for the purpose of the relief or comfort of another, and not for one's own profit or pleasure. Bucher v. Cheshire R. Co., 125 U.S. 555, 8 S.Ct. 974, 31 L.Ed. 795. Certain it is that the evidence referred to in the opinion of the Court of Civil Appeals does not support an inference to the effect that the contract upon which claimants rely was made wholly for the relief or comfort of Mr. Morrow. On the contrary, such evidence indicates that it was made for a purely mercenary reason, the exacting of money from Morrow for services previously rendered and to be rendered in the future.

In its opinion on original deliverance, the Court of Civil Appeals made no reference to claimants' Replication J, but in the opinion delivered in response to the application for rehearing the Court of Civil Appeals made the following observation concerning that replication:

"Appellees contend in their Replication J that appellant is estopped from pleading any statute of limitation as to the claim because appellant, while serving as administrator in another estate had made an affidavit that Mrs. Sharp was incompetent in January of 1964. Appellees insist that appellant joined issue on Replication J, and from the evidence, the jury could have determined that Mrs. Sharp was incompetent from as early as 1959, and that appellant was estopped from claiming benefit of any statute of limitation.

"We are frankly unable to follow this argument. We can see no estoppel, since there were different parties involved in the prior administration referred to, than in the instant case. What appellant may have stated or pleaded in another case, while acting in an entirely different capacity, and applying to different issues, would be no estoppel in this case. In any case, estoppel is a preclusion in law, and its existence is a matter of law, not an issue for the jury."

The first paragraph quoted from the opinion on rehearing, as we understand it, purports to set forth the contention of claimants in regard to their Replication J. We do not know, of course, the exact contentions asserted in brief filed by claimants on application for rehearing, but in view of the briefs filed in this court on this phase of the case we are inclined to believe that claimants further contended that since the contestant, the appellant in the Court of Civil Appeals, was estopped by the proof of Replication J from claiming benefit of any statute of limitations, then the giving of Charges 32, 34 and 36 could not have worked any prejudice to the contestant. Certain it is that such is the assertion made in brief filed in this court.

The second paragraph which we have quoted above from the opinion of the Court of Civil Appeals delivered on rehearing seems to encompass two reasons why Replication J can afford no relief to claimants. The first reason seems to be that the averments of Replication J were insufficient to constitute an estoppel. In other words, the Court of Civil Appeals has in effect said that a demurrer should have been sustained to that replication, although no demurrer was interposed to that replication. The other reason is that set forth in the last sen-

tence of said second paragraph to the effect that estoppel is a matter of law, not an issue for the jury.

■ The last sentence referred to above is not merely an oversimplification, but is incorrect if it was intended to convey the idea that estoppel is always a matter of law, not an issue for the jury. See Standard Oil Co. v. Gentry, 241 Ala. 62, 1 So.2d 29; White v. Hogland, 209 Ala. 537, 96 So. 625; Lackland v. Turner, 207 Ala. 73, 91 So. 877. We think the correct rule is stated in 28 Am.Jur.2d, Estoppel and Waiver, § 149 beginning on p. 831, as follows:

"Generally speaking, the existence of an estoppel in pais is a mixed question of law and fact. Where the trial is one by jury and the evidence as to estoppel is susceptible of different reasonable inferences, it is the duty of the court to charge and define the law applicable to estoppel, but it is the province of the jury to say whether the facts of the particular case constitute estoppel as defined by the court. It is a firmly settled principle that the question of the existence of an estoppel is a question to be settled by the triers of the facts—that is, the jury in the event of a jury trial, or the trial court in the event the proceedings involve trial without a jury—where there is a dispute as to the facts involving estoppel. Unless only one reasonable inference can be drawn from the evidence, estoppel is a question for the triers of the facts, the jury or the trial court. On the other hand, if the facts are undisputed and only one reasonable inference in such respect can be drawn from the evidence, the question whether an estoppel is established is one of law for the court."

We have seen fit to include the above quotation in this opinion because of the broad generality of the last sentence of the second paragraph quoted from the opinion delivered by the Court of Civil Appeals in response to the application for rehearing.

Our cases seem to be uniform to the effect that where the sufficiency of a plea or replication is not tested by demurrer, the court has nothing to do with it because parties have the right to try their causes on such issues as they choose and if the cause is tried upon an insufficient or immaterial plea or replication, without objection being first taken by demurrer, the judgment of the court should be pronounced in accordance with the result of the issues. Glass v. Meyer, Son & Co., 124 Ala. 332, 26 So. 890; Liverpool & London & Globe Ins. Co. v. Tillis, 110 Ala. 201, 17 So. 672; Hawie v. Kelly, 256 Ala. 31, 53 So.2d 609. In the case last cited we said:

"Defendant [appellant] also argues that the trial court erroneously gave the affirmative charge for plaintiff on the three pleas of set-off. In support of this contention he relies on the proposition that the judgments in Mobile did not bar him or estop him from asserting his claims in the present action—in other words, that the replications were defective. But conceding that the replications were insufficient and did not present a legal defense, the defendant cannot complain of their sufficiency in this court. He did not demur to the replications, but chose instead to join issue thereon, and the allegations were conclusively proved. Where issue is taken on an immaterial or defective plea or replication and the allegations are proved, the pleader is entitled to the affirmative charge as to the issues raised thereby. (Authorities cited)" (256 Ala. 33, 53 So.2d 610)

The Court of Civil Appeals did not come to the question as to whether or not averments of Replication J were proved and again, we are not going to the original record to make such a determination.

Assuming *arguendo* that the averments of that replication were proved, the claimants would have been entitled at best to an affirmative instruction in their favor relative to the issue raised by Pleas 2 and 3, namely, the statute of limitations of six years.

If it be assumed that contestant was estopped from claiming the benefit of the statute of limitations of six years, it does not follow that the giving of claimant's Charge 32 was therefore innocuous. Plea 1, which raised the statute of limitations of three years, was not affected by Replication J and yet Charge 32 was found by the Court of Civil Appeals to have worked to the prejudice of the contestant because it was so drafted as to mislead the jury into the belief that it could return a verdict in favor of the claimants in an amount in excess of that which claimants were entitled to recover because of the limitation prescribed by the statute of limitations of three years as set up in Plea 1.

We conclude, therefore, that the Court of Civil Appeals did not err in holding that the Circuit Court of Morgan County erred to a reversal in the giving of claimants' Charge 32.

In view of what we have said above relative to claimants' Charge 32, we hold that the Court of Civil Appeals did not err in holding that the trial court erred in giving claimants' requested Charge 34.

Charge 36 does not relate to a statute of limitations. Instead, upon the hypothesization of the jury's being reasonably satisfied from the evidence that there was an express agreement, that charge concludes that there was no presumption that the services rendered under the agreement were rendered gratuitously.

We see no need to discuss Charge 36 in view of the fact that we are in agreement with the holding of the Court of Civil Appeals that the judgment of the Circuit Court of Morgan County must be reversed because of the giving of Charges 32 and 34.

The judgment of the Court of Civil Appeals is affirmed.

Affirmed.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.