Defendant, Imperial Group, Ltd., appeals from a summary judgment granted plaintiff, The Lamar Corporation, in an action on a promissory note. We reverse and remand.
Plaintiff filed suit against defendant on June 17, 1976, demanding the balance on a note, interest, and attorneys' fees. Plaintiff alleged that on December 17, 1975, defendant executed a promissory note which provided it was to be paid in monthly installments on the first day of each month and that if defendant became delinquent for forty-five days, the entire unpaid balance *Page 989 
automatically became due and payable.
Defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted. The motion was never acted upon. Defendant then filed an "ANSWER AND COUNTERCLAIM" (with exhibits) wherein defendant alleged the note was executed as an accommodation to its wholly owned subsidiary, Imperial Motels Corporation. Defendant denied that the note was in default. Defendant further alleged that payments on the note were made by the subsidiary on February 4, 1976, and on March 19, 1976, which were accepted by plaintiff. Defendant also alleged that its subsidiary executed and forwarded to plaintiff a check representing the April payment on June 29, 1976, and a check representing the May, June, and July payments on July 15, 1976. Defendant attached copies of all these checks. Defendant alleged that it did not know if these last two checks had been negotiated by plaintiff when suit was brought. Defendant tendered to the court a check for the August payment. Defendant alleged that its failure to make payments in accord with the schedule was occasioned by "excusable neglect."
Moreover defendant averred that at the time suit was brought, plaintiff had accepted the payments to reinstate the note. Defendant prayed the court to allow it to reinstate the note in good standing, providing all payments are made in accord with the tenor of the note.
Plaintiff failed to reply to the "ANSWER AND COUNTERCLAIM" and moved for summary judgment on October 4, 1976, based upon the pleadings and the note. The motion was argued, and the court entered an order granting plaintiff's motion for summary judgment in the amount of $10,693.14. Defendant then filed a motion to reconsider, which motion was argued and denied. Hence, this appeal.
A motion for summary judgment may be granted only when there is no genuine issue as to a material fact and the movant is entitled to judgment as a matter of law. Birmingham TelevisionCorporation v. Water Works, 292 Ala. 147, 290 So.2d 636 (1974).
The party moving for summary judgment must clearly show, i.e., has the burden to show that the other party could not recover "under any discernible circumstances." Folmar v.Montgomery Fair Company, Inc., 293 Ala. 686, 309 So.2d 818
(1975); see also, Ray v. Midfield Park, Inc., 293 Ala. 609,308 So.2d 686 (1975).
Here, plaintiff-movant offered no allegations to negative defendant's averment of "excusable neglect," which plaintiff treated (and we therefore treat) as "equitable estoppel."
Plaintiff argues that equitable estoppel is a "preclusion in law and is not an issue for the jury," and, therefore, summary judgment was proper. We do not agree. See Humphrey v. Boschung,287 Ala. 600, 253 So.2d 769 (1971). In that case, this Court approved the following quotation from 28 Am.Jur.2d § 149, Estoppel and Waiver, viz:
 "Generally speaking, the existence of an estoppel in pais is a mixed question of law and fact. . . . Unless only one reasonable inference can be drawn from the evidence, estoppel is a question for the triers of the facts, the jury or the trial court. On the other hand, if the facts are undisputed and only one reasonable inference in such respect can be drawn from the evidence, the question whether an estoppel is established is one of law for the court."
Because "estoppel" is a mixed question of law and fact, it is plain that material issues of fact remain, and, therefore, summary judgment was premature.
Having so ruled, we should emphasize that a party cannot always rely upon the allegations and denials of his pleadings to establish a genuine issue of fact. When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere allegations or denials of the pleadings. In fact, it can be perilous for the opposing *Page 990 
party neither to proffer any countering evidentiary materials nor to file an affidavit. Ray v. Midfield Park, Inc., supra. For instance, had the movant here presented evidence to negative defendant's defense of estoppel, defendant could not merely rest on the allegation in its counterclaim that estoppel had occurred.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON and EMBRY, JJ., concur.