BRADLEY, Judge.
Plaintiff Alabama National Bank of Montgomery (hereinafter referred to as the Bank) filed two petitions for declaratory judgment seeking to determine the validity and legality of certain aspects of garnishment procedures undertaken by defendant Commissioner of the Department of Revenue (hereinafter referred to as the Department) against two of the Bank’s depositors. The parties to this appeal agreed by stipulation that the two petitions, although involving two different writs of garnishment, should be considered by the trial court in one numbered action. The trial court granted plaintiff Bank’s motion for summary judgment and the Department appeals. We reverse.
The parties agreed by stipulation to the following facts concerning the issuance of the first writ issued by the Department of Revenue. On February 28, 1978 the Department of Revenue entered a final assessment against Marshall D. Folmar for income withholding tax for the quarter ended December 31, 1976 in the amount of $140.60. A partial payment of $25 was made on the same date, leaving a balance due of $115.60 plus interest from February 28. On the same date the Department entered a second final assessment against Marshall D. Folmar for income withholding tax for the quarters ending June 30, 1977 and September 30, 1977 in the amount of $477.72 plus interest from that date. On June 7, 1978 a writ of garnishment was issued by the Department and notice was served on the plaintiff Bank on June 12, 1978. This writ covered both of the final assessments and was in the aggregate sum of $602.22, which sum included interest computed to the date of issuance. The plaintiff Bank, as garnishee, answered said writ of garnishment by acknowledging that it was holding on deposit funds of Mr. Fol-mar in the amount of $548.70. On June 26, 1978 the Department issued a judgment on answer, which was served by certified mail on plaintiff Bank, ordering said Bank to pay over to the Department the sum of $548.70.
Regarding the issuance of the second writ of garnishment, the parties stipulated to the following facts. On April 5, 1977 the Department entered a final assessment against Robert M. and Kay Alton, Jr. for income tax for the calendar year 1974 in the amount of $2,696.40. Two partial payments totaling $900 were made thereafter, leaving a balance due of $1,960.42 plus interest. On the same date the Department made a second final assessment against the Altons for income tax for the calendar year 1975 in the amount of $1,480.15 plus interest. On August 11, 1978 the Department issued a writ of garnishment directed to plaintiff Bank, and notice of said garnishment was served on said Bank on August 14, 1978. This writ covered both of the assessments referred to above and was in the aggregate sum of $3,517.98, which sum included interest to the date of issuance.
Each of these writs of garnishment served on the Bank stated, inter alia, that final assessments had been made by the State Department of Revenue against the named defendant (taxpayer); and further stated:
SHERIFF, YOU ARE HEREBY COMMANDED to serve a copy of the writ upon and to summon said garnishee, Alabama National Bank, to be and appear before the State Department of Revenue within 80 days after being served with this writ. Upon appearance before the Revenue Department, the garnishee will answer on oath in what amount, if any, it was indebted to said defendant at the time of the service of this writ of garnishment, or at the time of the making of its answer to this writ and whether it will be indebted in the *262 future to said defendant by contract then existing. The garnishee will further state whether it has in its possession, or under its control, personal or real property belonging to the Defendant. [Emphasis theirs]
In response to each of these attempts by the Department of Revenue to levy upon or procure information concerning the funds of its depositors, the Bank filed in the circuit court a petition for declaratory judgment, asking that court to determine the extent of the Bank’s duties with respect to the writ.
The parties further stipulated below that: [Although the two writs of garnishment [involved in this appeal] pertain to two different taxpayers, and are in different stages of completion, they may be considered by the Court in one numbered action for declaratory judgment since they involve similar issues of law and are governed by the same provisions of the Code of Alabama 1975, namely § 40-2-11(17) and (8);
and that:
[T]he issuance of both writs of garnishment has followed, in substantial measure, the procedure outlined in § 6-6-370, et seq., Code of Alabama 1975.
The Bank’s motion for summary judgment was granted by the trial court on November 6, 1978.
The statute involved in this appeal, Code of Alabama 1975, § 40-2-11, provides in pertinent part:
It shall be the duty of the department of revenue, and it shall have the power and authority, in addition to the authority now in it vested by law:
# s|< * # * *
(8) To summon witnesses to appear and give testimony and to procure records, books, papers, documents and all other information of any kind or character required relating to any matter which the department shall have authority to investigate and determine. The witnesses may be summoned by subpoena issued by the commissioner, or by the secretary thereof, in the name of the department, directed to any sheriff of Alabama and returnable to the department, which subpoena may be served in like manner as subpoenas issued out of any circuit court, or the subpoenas may be served by certified or registered mail, addressed to the witness with return receipt demanded. In either case the subpoenas must be served at least five days previous to the time named therein for the appearance of the witness. Subpoenas duces tecum to any witness to appear and produce any records, books, papers or other documents may be issued and served in like manner; provided, that no officer of any bank or banking institution shall be required to disclose to the department or any of its agents or clerks the deposits of its customers except upon order of court. When any witness has been summoned and refuses or fails to appear or upon appearing refuses to testify, or having been summoned to produce records, books, papers, documents or other like information, fails or refuses to do so, either or all, shall be guilty of contempt, and upon the certificate of such fact to a circuit judge he shall sentence the offender for contempt and shall punish such offender as is now provided for by law in cases of contempt in circuit courts. The department of revenue in cases of refusal to produce such books, documents, records and papers or information of such character as it may deem necessary may apply for mandamus to a judge of the circuit court of the county in which such person has his principal place of business, and thereupon it shall be the duty of such circuit judge to require the production of such books, records, papers, documents and such other information as may be required, within 10 days from the application of such writ of mandamus;

(17) To issue executions and writs of garnishment directed to any sheriff of Alabama, on any final assessment or judgment made or rendered by it, and upon such executions the sheriff shall *263 proceed as in cases issued out of the circuit court and shall make return thereof to the department of revenue within 60 days after the receipt thereof; and
(18) To perform such other duties as are or may be imposed on it by law. [Emphasis supplied.]
The Department of Revenue argues on appeal that the prohibition embodied in subsection (8) of § 40-2-11 against disclosures by banks of customers’ deposits without a court order has a full field of operation when confined to “fishing expedition” type subpoenas issued to determine a tax liability. Such a prohibition was not intended to confine and hamstring the Department’s ability under § 40-2-11(17) to collect on a tax liability already determined to be owed. On the other hand, the Bank contends that the issue dispositive of this appeal is whether the Department has authority under § 40-2-11(17) to issue writs of garnishment to banks to reach the deposits of its customers without a court order. The Bank asserts that such a court order is required by § 40-2-11(8) where, as here, the writ of garnishment orders the Bank to appear before the Department, answer on oath what amount, if any, it is indebted to its depositor, etc.
We think the Department’s position regarding the extent of the authority granted by § 40-2-11 is correct, and that the trial court erred in granting the Bank’s motion for summary judgment.
Section 40-2-11(17) makes no express exception as to banks. Nor do we find any indication that the legislature intended to impliedly limit the authority granted therein by construction of subsections (8) and (17) as one interlocking unit. Consequently, we cannot agree with the Bank’s contention that the deposits of its customers are exempt from all administrative process and are available to the Department only by appropriate court order.
The Bank further contends that the authority conferred upon the Department by § 40-2-11(17) allows the Department to issue writs of garnishment without the safeguards set forth in § 6-6 — 450 through § 6-6-464 (pertaining to writs of garnishment issued out of the circuit courts). However, the Bank itself stipulated that the issuance of the writs herein involved has followed, in substantial measure, the procedure outlined in those statutes. Under these circumstances, we are unable to find any prejudice to the Bank in the manner in which the writs were issued.
A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and movant is entitled to judgment as a matter of law. Rule 56, ARCP; Imperial Group, Ltd. v. Lamar Corporation, Ala., 347 So.2d 988 (1977). We do not agree with the trial court that the Bank was entitled to judgment as a matter of law. This case is reversed and remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P. J., concurs.
HOLMES, J., not sitting.