In his application for rehearing the landlord contends that we erred in reversing the trial court's award-to him of a summary judgment. The reason asserted for our error is that there were cross-motions for summary judgment alleging that there was no genuine issue of material fact and, therefore, the court was at liberty to grant summary judgment to him.
In our original opinion we began our analysis of the case by determining whether the landlord's summary judgment was properly granted. We noted that a summary judgment is properly granted only when it appears from the pleadings and other duly filed evidence of record that there is no genuine issue of material fact to be *Page 444 
determined and the moving party is entitled to the relief sought as a matter of law. Ledbetter v. Darwin Dobbs Co., 473 So.2d 197
(Ala.Civ.App. 1985); Cheatham v. General Motors Corp.,456 So.2d 1101 (Ala.Civ.App. 1984). The landlord contended, however, that there was no genuine issue as to any material fact and the trial court was therefore required to grant him summary judgment as a matter of law.
A party is not estopped, as suggested by the landlord, by the mere filing of his motion for summary judgment from later asserting that there are genuine issues of fact. Schlytter v.Baker, 580 F.2d 848 (5th Cir. 1978). Generally, the filing by both parties of opposing motions for summary judgment will not warrant a court's granting either party's motion if there exists a genuine factual dispute. Cross-motions may be probative of the nonexistence of a factual dispute when the motions demonstrate (as the landlord contends the motions at bar do) a basic agreement concerning the relevant legal theories and dispositive material facts. Cooper v. Board of Equalization, 392 So.2d 244
(Ala.Civ.App. 1980). See also Bricklayers Local 15 v. StuartPlastering Co., 512 F.2d 1017 (5th Cir. 1975). However, even though there may be no genuine issues of material facts between the parties, "[a] motion for summary judgment must be denied if the evidence is such that conflicting inferences can be drawn therefrom and if reasonable men might reach different conclusions." Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966). As the Second Circuit Court of Appeals stated in EmpireElectronics Co. v. United States, 311 F.2d 175 (2nd Cir. 1962), where the evidentiary facts are not in dispute, but the inferences to be drawn from them are, summary judgment is improper. The Second Circuit noted that "a judge may not, on a motion for summary judgment, draw fact inferences." Id. See alsoUnited States v. Oakley, 744 F.2d 1553 (11th Cir. 1984); WarriorTombigbee Transportation Co. v. M/V Nan Fung, 695 F.2d 1294 (11th Cir. 1983); Union Insurance Society v. William Gluckin Co.,353 F.2d 946 (2nd Cir. 1965); Winter Park Telephone Co. v. SouthernBell Telephone Telegraph Co., 181 F.2d 341 (5th Cir. 1950). Further, it is well established that summary judgment is improper where the evidence or any reasonable inference therefrom contains a particle or trace in support of the theory of the opposing party. McLaughlin v. Alabama Farm Bureau Mutual CasualtyInsurance Co., 437 So.2d 86 (Ala. 1983).
Generally, the existence of estoppel is a mixed question of law and fact.
 "Unless only one reasonable inference can be drawn from the evidence, estoppel is a question for the triers of the facts, the jury or the trial court. On the other hand, if the facts are undisputed and only one reasonable inference in such respect can be drawn from the evidence, the question whether an estoppel is established is one of law for the court."
28 Am.Jur.2d Estoppel and Waiver § 149 (1966) (footnotes omitted), quoted in Humphrey v. Boschung, 287 Ala. 600,253 So.2d 769 (1971).
The parties disagree as to inferences to be drawn from the facts, such as the landlord's intentions, and whether he waived his right to collect the adjusted rent. See S.J. Groves SonsCo. v. Ohio Turnpike Commission, 315 F.2d 235 (6th Cir. 1963). Thus, we conclude that summary judgment was improperly granted.
We are not unmindful of the fact that neither the landlord nor the tenant requested a jury trial and that the trial court will ultimately resolve the dispute. This does not change our conclusion. Where reasonable men might reach different conclusions on the evidence, summary judgment should be denied and the case must be returned to the trier of fact, in this case the trial court. American Manufacturers Mutual Insurance Co. v.American Broadcasting — Paramount Theatres, Inc., 388 F.2d 272
(2nd Cir. 1967). Also, the landlord's contention that we are precluded from reviewing the trial court's grant of summary judgment because the parties failed to raise the scintilla of evidence issue *Page 445 
in brief is unpersuasive. As an appellate court, we are required to review whether a grant of summary judgment is proper.
We have concluded that the trial court's grant of summary judgment was improper.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.